C. L. SMATHERS v. J. M. SHOOK.

*Settlement of Account—Evidence—Contract.*

1. A settlement of mutual running accounts, by payment or giving a note for balance due, is presumed to include all pre-existing demands of either party; but this presumption may be rebutted by proof that a claim has been omitted.

2. The instructions asked in this case are not applicable to the nature of the counter-claim set up by the defendant, which is founded upon an agreement of the plaintiff, made at the time of the settlement, to allow credit, for wheat delivered by the defendant in excess of the quantity represented on the plaintiff's book of accounts.

CIVIL ACTION tried at Spring Term, 1883, of HAYWOOD Superior Court, before *Avery, J.*

Verdict and judgment for defendant; appeal by plaintiff.

*Messrs. Gray & Stamps,* for plaintiff.
*Messrs. M. E. Carter* and *Johnston & Shuford,* for defendant.

SMITH, C. J. This action, originating in a court of a justice of the peace and removed by appeal, is for the recovery of the sum of seven dollars and fourteen cents, due for goods sold and delivered, to which the defendant offers a counter-claim for wheat in amount slightly in excess of the plaintiff's demand.

The parties came to an adjustment of their mutual accounts in 1879, and the defendant then executed his note under seal for the sum of $45.10, which appeared to be the balance due the plaintiff, and this has since been paid.

The defendant contends that in the settlement he was credited with sixty and three-fourth bushels of wheat only, while in fact he had delivered seventy bushels, at the price of eighty-five cents per bushel, and was entitled to a further sum of $7.86, omitted by mistake.

Two issues were submitted to the jury with consent of parties,

the plaintiff reserving exception to the competency of any evidence introduced to show an oversight and mistake in the settlement closed by the giving the sealed note:

1. Did the plaintiff and defendant make a mistake in their settlement in 1879, whereby the defendant was denied a credit to which he was entitled? To this the jury answered in the affirmative.

2. What is the amount of the omitted credit? To this the jury responded, $7.74$\frac{1}{4}$.

Upon the trial the defendant was permitted, after exception, to testify that the plaintiff held two accounts against witness, one for goods furnished at his store, another for corn and wheat-bran supplied from his mill, and that the note was given upon a settlement of the accounts for goods; that witness had delivered wheat to the plaintiff in two parcels, one of thirty bushels, hauled by one Jenkins, a teamster, and the other of forty bushels, conveyed by an employee of the plaintiff.

That the settlement was at the plaintiff's store, whose books were produced, and defendant ran over the account against himself and found it correct, but was not satisfied with the credits as being large enough, and it was thereupon agreed between them that if there was any mistake, whereby the defendant was not allowed the full amount of credits to which he was entitled, the omitted sum should be allowed the defendant in the settlement of other accounts thereafter.

The plaintiff insisted:

1. That the correction of the alleged mistake was a matter of equitable cognizance and without the jurisdiction of a justice.

2. That the mistake could not be corrected when ample means of information by which it might have been avoided were open to the defendant, and he neglected to avail himself of them; or,

3 Unless the failure to seek the information was superinduced by the fraudulent practice of the plaintiff.

The court refused to give these directions to the jury, and left it to them to find upon the preponderance of the evidence

whether such mistake occurred at the giving the note, whereby the defendant failed to be allowed for all his wheat; and if so, to respond to the first inquiry affirmatively, and proceed to ascertain the value of the omitted wheat; and that it rested upon the defendant to satisfy them of these facts.

The defendant had judgment for the small excess of his counter-claim, and the plaintiff appealed.

While it is true that every settlement of mutual running accounts by payment or giving a note for the balance is presumed to include all pre-existing demands of either which appropriately belong to such adjustment, still the presumption may be overcome by proof of the omission of any claim. The force of the presumption is stronger when the claim for wheat was included, and the alleged error lies in a mistake as to quantity. But where this presumption is met by positive proof of an agreement made at the time, that if more wheat should thereafter be found to have been delivered to the plaintiff that he did not give credit for, the excess should remain a valid charge and be admitted in adjusting another account, as is proposed to be done in the present case.

The instructions asked and refused grow out of a misconception of the defence, which is not to correct a mistake, for the note has been paid in full, but enforce an implied, and by the agreement, a positive contract, to pay for wheat delivered beyond the quantity represented on the plaintiff's book of accounts. It is a simple counter-claim for nine and a quarter bushels of wheat delivered and not paid for, because of some misapprehension of the plaintiff, and which he agrees shall be paid for in adjusting another account.

There is no error, and the judgment must be affirmed.

No error.                                    Affirmed.