ANGEL v. ANGEL.

(December 22, 1900.)

1. *Witness—Competency—The Code, Sec. 590—Evidence.*

Where defendant in an action on a note by an administrator, claimed a set-off for goods furnished decedent, evidence that "no one had paid him for these articles" was incompetent.

2. *Accounts—Compromise and Settlement—Presumption.*

A settlement of mutual running accounts by payment, or giving note for balance, is presumed to include all pre-existing demands of either party to the settlement, which appropriately belong to such an adjustment.

CIVIL ACTION by B. M. Angel, administrator of Thomas M. Angel, deceased, against J. P. Angel, heard by Judge *T. A. McNeill,* at Spring Term, 1900, of MACON Superior Court. From judgment allowing a set-off, the plaintiff appealed.

*Jones & Johnston,* for the plaintiff.
*Ray & Kelly,* for the defendant.

DOUGLAS, J.    This is an action brought upon a note under seal for $130 and interest, executed by the defendant on November 27, 1899, to Thomas M. Angel, now deceased. The defendant admitted the execution of the note, but claimed that the same had been paid, and set up a counter-claim. In his reply, the plaintiff denied the defendant's set-off and counter-claim, and also pleaded the statute of limitations in bar thereof. By leave of the Court, the defendant amended his answer and abandoned his counter-claim, but pleaded set-off and payment. It is admitted that the said Thomas M. Angel, payee in said note, died intestate in

Macon County, in December, 1897, and that the plaintiff duly qualified as his administrator in January, 1898. Three witnesses, named Stonecipher, Calloway, and Tom Angel, testified that at different times before the execution of said note, the defendant had furnished certain merchandise and done certain work for the intestate, and the defendant testified that the merchandise and work were worth in the aggregate the sum of $50. The plaintiff admitted that $12 had been paid on the note. The transcript states that there was evidence tending to show that there had been for many years a mutual account and dealings between plaintiff's intestate and defendant, and the defendant offered in evidence his books, and swore they were correct. The account aggregated $116.17, which, we suppose, was intended to mean the amount claimed to be due by the intestate. The defendant, as a witness in his own behalf, was asked, over the objection of the plaintiff, if anything had been paid to him by anybody for the articles mentioned in the testimony of Stonecipher, Calloway, and Tom Angel. Thereupon the defendant testified that no one had paid him for these articles. We think that this evidence was clearly incompetent, under section 590 of The Code. It needs no citation of authority to show that the defendant could not have testified that the intestate had never paid for the goods, and yet that was exactly the effect of his testimony when he said that nobody had paid him. Such a palpable evasion of the statute, which would be contrary to its essential meaning and would destroy its beneficial purpose, can not be permitted. This, of itself, would entitle the plaintiff to a new trial, but, as an important question has been raised as to the presumption arising from the giving of a note, we deem it best to consider it. It has been held by this Court, in *Smathers v. Shook*, 90 N. C., 484, that "every settlement of mutual running accounts by payment, or

ANGEL *v.* ANGEL.

giving a note for the balance, is presumed to include all pre-existing demands of either which appropriately belong to such an adjustment; still the presumption may be overcome by proof of the omission of any claim." In the case at bar all mutual running accounts are presumed to have been included in the settlement represented by the note, and this is especially so where the items set up as payments upon the note existed from three to five years before the execution of the note. This presumption may be rebutted by the defendant, but only by competent evidence, and where there is no such evidence a charge that the jury might infer the fact of payment would be erroneous. In the case as now before us, we see no legal evidence tending to rebut the presumption, or to show the fact that the intestate agreed to consider such items as payments upon the note. What evidence may be produced upon a new trial, we can not anticipate, and a charge that would be proper upon one state of facts might be erroneous where the facts are different.

New trial.