BENEDICT v. JONES.

(Filed December 23, 1901.)

1. PRINCIPAL AND SURETY—*Extension of Time—Release of Surety—Payment—Evidence—Sufficiency.*

· The payment of interest and failure to sell land after advertisement under mortgage is not sufficient evidence to show extension of time to principal so as to release sureties.

2. WITNESSES—*The Code, Sec. 590.*

Under The Code, Sec. 590, where the evidence of a witness is incompetent, the same fact can not be proven by the same witness indirectly or by inference.

DEFENDANT'S APPEAL.

ACTION by Mary E. Benedict and others against H. C. Jones and wife and S. G. Atkin, heard by Judge *Frederick Moore* and a jury, at September Term, 1901, of the Superior Court of BUNCOMBE County. From a judgment for the plaintiffs, the defendants appealed.

*J. C. Martin,* and *F. H. Busbee,* for the plaintiffs.
*Locke Craige,* for the defendants.

CLARK, J. The defendants Hattie Jones and S. G. Atkin, who were parties to the deed of trust, answered that the mortgaged property therein was theirs, that they were sureties to the debt thereby secured, and the property was released from the mortgage because the plaintiff's testator "made a binding contract to extend the time of payment of the note secured by said deed of trust for a definite period and for a valuable consideration, well knowing that they were sureties and that said extension of time was without their knowledge or consent, their purpose evidently being to bring the case under the principle in *Hinton v. Greenleaf,* 113 N. C., 6.

The only evidence offered by defendants in support of that

allegation was that the land was advertised for sale in July, 1894; that the advertisement was withdrawn, and the creditor stated to a witness that the matter had been "arranged and the advertisement would be withdrawn," and on the back of the note was endorsed, "paid 4th August, 1894, $120 interest to date." His Honor properly told the jury that this was no evidence of an agreement to extend the time for a definite period, and to answer the issue "No." If it were otherwise, any payment of interest on a bond or note would release the surety. To have that effect, there must be a contract by the creditor to extend payment for a fixed definite period.

The testimony of the defendant H. C. Jones, the principal debtor and husband of defendant Hattie C. Jones, as to any alleged contract of extension made by him with the deceased creditor, plaintiff's testator, was properly excluded under The Code, sec. 590. It is immaterial whether he was or not interested in the land mortgaged. He is a "party to the action," and is excluded under the very terms of the section. His testimony as to how much money he drew out of the bank 20th July, 1894, and how much he carried into Dickerson's store, were irrelevant, unless offered to show a personal transaction with the deceased, and then it was incompetent. His negative testimony that he did not pay the deceased any money after 20th July, 1894, is equally incompetent. It was an attempt to get in by indirection and inference that which the statute forbids to be given in directly. The testator, if living, was competent to testify that the debtor did pay him money after 20th July. His mouth being closed by death, the law closes the mouth of the other party. Besides, the testimony was irrelevant, and tended to prove nothing.

No Error.