CHARLES WILLIAMS, guardian of JULIA F. PARROTT, formerly JULIA BIZZELL; GEORGE F. PARROTT et al. v. THE ADMINISTRATOR AND HEIRS AT LAW OF DUNCAN McFADYEN, deceased.

(Filed 10 October, 1907).

1. **Vendor and Vendee—Lands—Vendor's Lien—Judgment, Interlocutory—Limitation of Actions—In Personam.**

In an action to enforce a vendor's lien, where a definite indebtedness is declared and judgment therefor entered and foreclosure by sale decreed, such judgment is final between the parties as to the amount of indebtedness so adjudicated; but, as to all subsequent questions arising as incident to the sale, the occupation and possession of the property by the parties, the collection and distribution of the proceeds, and the like, the decree, from its very nature, is interlocutory, and the cause is still pending, and the ten-year statute of limitations, as to judgments (Revisal, sec. 391), has no application. But, in proper instances, on 'plea of the statute properly entered, the judgment could no longer be enforced *in personam.*

2. **Same—Procedure—Motion in the Cause—Independent Action.**

While an independent action, instituted and prosecuted as such, will not be treated as a motion in the cause, yet when the pleadings are called complaints and answers, but are, in fact, in the nature of affidavits in an action where it is evident, from the perusal of the record and papers, that all notices issued and affidavits were in the pending cause, and properly treated by the parties as a proceeding in that cause, and no new action was entered, the proceedings will be regarded as a motion in the cause pending.

MOTION in the cause, heard and determined before *Long,*
*J.,* at May Term, 1907, of the Superior Court of SAMPSON
County.

It appears from facts found by his Honor at the hearing
below that, in September, 1894, the original summons was
issued in the name of Charles Williams, guardian of Julia
Bizzell (now Parrott), against Duncan McFadyen, to collect
the purchase money for a tract of land and enforce a vendor's
lien therefor against said McFadyen, who held the same
under a bond for title, and was in possession, claiming the
interest in land existent by reason of said bond.    At a sub-
sequent term, said Charles Williams, individually, and his
wife, Sarah J. Williams, mother of Julia F. Bizzell, were
allowed to join and file a supplemental complaint as claim-
ants of a part of said purchase money.    At October Term,
1905, judgment was had in favor of plaintiffs for the amount
of the purchase money and "condemning the land to be sold"
for the payment of the debt, interest and cost, allowing plain-
tiffs to bid at the sale, and appointing John D. Kerr, attorney
of plaintiffs, as "commissioner to make the sale pursuant to
the order of the Court, make report of his proceedings, and
retaining the cause on the docket for further orders and de-
crees."    No sale was ever had under this decree, nor was any
action taken by the commissioner, and the cause was con-
tinued from term to term, until February Term, 1905, when
the original defendant, Duncan McFadyen, having died, it
was ordered that his administrator and heirs at law be made
parties defendant, which was done by service of summons
issued and returnable at a subsequent term.    Later, at May
Term, 1906, it was ordered that Julia F. Parrott, formerly
Julia Bizzell, and her husband, George F. Parrott, be made
parties plaintiff, and these parties thereupon filed another
complaint, setting out their interest in the purchase money
and giving a history of the cause to date, styling their affi-
davit a complaint.    Defendants filed an affidavit, styled an

answer, setting forth their statement of the matter, and plead-ing various statutes of limitations, more especially setting up the ten-year statute, in bar of plaintiffs' right to relief. The cause then came on for hearing before his Honor, *Judge B. F. Long,* as stated, who found the facts and gave judg-ment for plaintiffs, directing sale by a substituted commis-sioner, as shown by his decree.

Defendants excepted and appealed.

*Rouse & Land* for plaintiffs.
*L. V. Grady* and *Stevens, Beasley & Weeks* for defendants.

HOKE, J., after stating the case: We are unable to perceive in what way or by what statute of limitations the plaintiffs are barred of their right to enforce the collection of their debt by a sale of the property. The defendants more par-ticularly insist that the demand is barred by the ten-year statute of limitations, applicable to judgments (Revisal, sec. 391), and that this position finds support in a direct adjudi-cation of this Court. *McCaskill v. McKinnon,* 121 N. C., 194. But we do not think their position is well taken, or that they have correctly interpreted the authority cited as applied to the facts of the present case. Our statute of lim-itations applies to final judgments, or to judgments or decrees which partake of that nature, and was never intended to affect interlocutory judgments, and in a cause still pending. The action to enforce a vendor's lien for unpaid purchase money, where the vendee, defendant, is in possession under the bond of title, is in many of its aspects like a proceeding of foreclosure and sale to collect a debt secured by mortgage. Where a definite indebtedness is declared, and judgment therefor entered and foreclosure by sale decreed, such judg-ment is final as to the amount of indebtedness so adjudicated, and it is final also for purposes of appeal as to all debated and litigated questions between the parties preceding such a de-cree; but, as to all subsequent questions arising as incident to

the sale, the occupation and possession of the property by the parties of record, the collection and distribution of the proceeds, and the like, the decree is interlocutory and the cause is still pending. *Knight v. Houghtalling,* 94 N. C., 408; *Clement v. Ireland,* 138 N. C., 136; *Null v. Cumming,* 155 N. Y., 309; *Morgan v. Casey,* 73 Ala., 222. This is true in all jurisdictions where the cause in express terms is retained for further orders and decrees, and it is true with us from the force and effect of such a decree, and whether such a feature formally appears or not, for our decisions are to the effect that a decree for absolute sale, without requiring a report to be submitted for further consideration by the Court, is irregular and improper and will be set aside on motion. *Foushee v. Durham,* 84 N. C., 56; *Mebane v. Mebane,* 80 N. C., 34. The double aspect of this class of decrees, being final in some respects and in others interlocutory, is recognized in the authority relied upon by defendant, *McCaskill, admr., v. Graham, supra,* where it is said by *Furches, J.:* "The judgment of $754.93 was a personal judgment, and was final. The judgment foreclosing the mortgage was the exercise of the equitable jurisdiction of the Court, and was not what would have been a final decree in equity, and was not so in this case." And so it is here. The judgment as to the debt is final, and, on plea of statute properly entered, could no longer be enforced as a judgment *in personam* and against other assets of deceased; but, as a proceeding *in rem,* the cause is still pending for the purpose of carrying out the provisions of the decree directing a sale of the property and an application of the proceeds to the satisfaction of the plaintiff's debt.

We have it, then, that, as to the questions involved in this motion, the cause is still pending. Plaintiffs are here representing the same interests and asserting the same right claimed and established by the unexecuted and interlocutory decree; and defendants, as successors and heirs at law of

WILLIAMS *v.* McFADYEN.

Duncan McFadyen, deceased, are parties of record, bound by the terms of the decree, subject to the orders of the Court made in the cause, and when nothing has occurred to put them in a hostile attitude, so as to cause the statute to operate for their protection. The Judge below was correct, therefore, in ruling that plaintiff's right to proceed was not barred by the statute of limitations. Inasmuch as some of the affidavits offered and used on the hearing are styled complaints, and some of the notices issued are called summons, we deem it well to note that the relief sought by plaintiff on this hearing, the cause not having terminated by final judgment, is only to be had by motion in the cause; and that, according to our present decisions, an independent action instituted and prosecuted as such will not longer be treated as a motion in a pending cause. *Long v. Jarratt,* 94 N. C., 443; *Faison v. Mc-Ilwaine,* 72 N. C., 312. It is evident here, however, from a perusal of the record and papers, that all the notices issued and the affidavits filed were in the pending cause, and that the parties have properly treated them as a proceeding in that cause, and no new action was entered or contemplated.

There is no error, and the judgment is.

Affirmed.