A. L. PENDLETON, TRADING UNDER THE FIRM NAME OF STANDARD DRUG COMPANY, v. J. A. SPENCER ET AL.

(Filed 20 September, 1933.)

1. **Evidence D a—**

    Where an action on a note is resisted by defendant solely on the ground that his name was forged on the note, evidence offered by him relating to consideration for the note is properly excluded as being irrelevant to the issue.

2. **Appeal and Error J g—**

    Where testimony of transactions or communication with a decedent is properly excluded as irrelevant to the issue, its competency or incompetency under C. S., 1795 will not be determined on appeal.

APPEAL by plaintiff from *Cowper, Special Judge,* at May Term, 1933, of PASQUOTANK.

Civil action to recover on a promissory note alleged to have been executed by J. A. Spencer, G. F. Spencer and A. S. Hudgins.

The executors of the estate of A. S. Hudgins, deceased, and G. F. Spencer interposed a plea of *non est factum* and alleged that the signatures purporting to bind them were forgeries.

Judgment by default final was rendered against J. A. Spencer for want of an answer, or defense, by the clerk of the Superior Court on 14 March, 1932.

Later, on the trial, J. A. Spencer was offered as a witness to prove the consideration of the note. This was excluded. Plaintiff excepts.

The jury returned the following verdict:

"1. Was the note sued on signed by the defendant G. F. Spencer as alleged in the complaint? Answer: Yes.

"2. Was the note sued on signed by A. S. Hudgins, now deceased, as alleged in the complaint? Answer: No."

From a judgment on the verdict, plaintiff appeals, assigning error in the exclusion of J. A. Spencer's testimony as to the defendants' executors.

*LeRoy & Meekins for plaintiff.*
*A. P. Godwin and McMullan & McMullan for defendants executors.*

STACY, C. J. The testimony of J. A. Spencer was properly excluded as the consideration for the note was not in issue.

Therefore, the applicability or nonapplicability of C. S., 1795, to the proffered testimony is not necessarily presented by the record. Its competency is urged under authority of *Sutton v. Walters,* 118 N. C., 495, 24 S. E., 357. Its incompetency is asserted under authority of *Benedict v. Jones,* 129 N. C., 475, 40 S. E., 223. The point is moot as the testimony was properly excluded on other grounds.

No error.