TEMPIE G. PLACE, ADMINISTRATRIX OF J. E. PLACE, v. R. H. PLACE, J. L. PLACE, ET AL.

(Filed 20 June, 1934.)

**1. Judgments M a—Question litigated and not form of issues held to determine effect of judgment.**

A widow, executrix of her husband's estate, instituted proceedings to recover from the estate the proceeds of sale of land formerly held by her and her husband by entireties, which sale was made by her husband and the proceeds thereof in his possession at the time of his death, the widow claiming that the right of survivorship attached to the funds. Judgment was entered that she recover the sum demanded. Thereafter the widow instituted a proceeding to have lands sold to make assets to pay the judgment. *Held*, the real question litigated and not the issues upon which the judgment was entered is determinative of whether the judgment was solely against the proceeds of sale or a general claim against the estate to satisfy which lands of the estate may be sold.

**2. Executors and Administrators D d—Funds held to have come into hands of executrix as trustee and beneficiary had election to follow funds or assert general claim against estate.**

A widow, executrix of her husband's estate, instituted special proceedings against the other heirs and distributees of the estate to recover from the estate the proceeds of sale of lands formerly held by the widow and husband by entireties, the proceeds of sale being in the husband's possession at the date of his death, and the widow claiming that the right of survivorship attached to the funds. Judgment was entered in her favor upon a simple issue of indebtedness and the judgment stipulated that the sale of assets was not necessary to pay the claim. *Held*, the proceeds of the sale came into her hands as executrix as trustee for herself as the rightful beneficiary, and were sufficient to furnish the basis for a creditor's claim and an action in assumpsit, and submission of the issues in the action indicated that she had elected to bring her action *in indebitatus assumpsit* for money had and received, and the judgment constituted a general claim against the estate for payment of which she was entitled to institute the proceedings to sell land to make assets, a *cestui que trust* having the right, in his election, to proceed against the trustee personally rather than seek to trace the funds.

**3. Judgments L b: Executors and Administrators E a—Judgment that lands need not be sold to make assets held interlocutory and not to bar proceeding for sale of lands upon insufficiency of personalty.**

A judgment against an estate on a general claim is conclusive as to the amount of the claim, but the adjudication that the personalty is sufficient to pay same and that it is not necessary to sell land to make assets for its payment is an interlocutory judgment and will not bar a subsequent proceeding to sell lands to make assets for its payment where the personalty, by reason of subsequent losses, is insufficient to pay the judgment.

SPECIAL proceeding instituted before the clerk and transferred to civil issue docket and tried before *Sinclair, J.,* at February Term, 1934, of DURHAM. Reversed.

The petitioner is the widow and administratrix of J. E. Place, deceased, who died 19 February, 1929, and left surviving him collateral heirs, who are the respondents in this proceeding.

In a special proceeding instituted 1 June, 1929, and transferred to the civil issue docket and tried before Judge Daniels, at September Term, 1931, judgment was awarded the petitioner for the sum of $2,750 to be paid by the administratrix, and it was therein further adjudged that there was no necessity to sell real estate to make assets to pay this sum. This judgment was based upon the petitioner's right of survivorship in the proceeds of a sale of certain real estate of which she and her husband were seized by the entireties. At the time of his death these proceeds were deposited in a bank to the credit of J. E. Place.

This proceeding was instituted by the petitioner on 7 July, 1932, as the administratrix of J. E. Place, against his heirs at law to have real estate sold to make assets to satisfy the judgment obtained in 1931. The respondents reply that the claim of the petitioner was never against the estate of J. E. Place, but only upon the fund which represented the sale price of the land held by him and his wife by entirety.

From the judgment of Judge Daniels, notice of appeal to the Supreme Court was given by the respondents, which prevented the administratrix from paying the judgment from the assets then in her hands; and before the respondents had abandoned said appeal the assets in the hands of the administratrix had diminished in value, through bank failures and otherwise, to the extent that they were insufficient to pay said judgment, there being only $812.50 available for that purpose, which amount was paid on said judgment, thereby reducing the amount due thereon to $1,937.50.

From the judgment of the court that she take nothing by her action, the petitioner appealed to the Supreme Court.

*R. O. Everett and E. L. Culbreth for petitioner.*
*Brawley & Gantt and Yarborough & Yarborough for respondents.*

SCHENCK, J. The court below held "That the form of the issues submitted to the jury in the other action is not conclusive, but that the court should look to the real question litigated and decided as shown by the pleadings, evidence and charge of the court." In this conclusion of his Honor we concur.

The court further held "That the claim of Tempie G. Place in said action was not a creditor's claim against the estate of J. E. Place, but

was a claim against the fund representing the proceeds of the sale of the house and lot held by entireties, to which she claimed the right of survivorship still attached, and that she, and not the estate, must bear any loss resulting from the failure of the bank in which said fund was deposited." In this conclusion we think his Honor erred. When J. E. Place died with the proceeds of the sale of land held by the entireties in his possession, these proceeds passed to his estate and were held by his estate as trustee for the survivor, namely, his wife, Tempie G. Place; and when his wife qualified as his administratrix these proceeds came into her hands as trustee for the rightful beneficiary thereof. These proceeds furnished a basis for a creditor's claim, and for an action in assumpsit, in favor of the beneficiary thereof, namely, Tempie G. Place, against the trustee, namely, Tempie G. Place, administratrix of the estate of J. E. Place, deceased. We conclude from the facts in this proceeding that the proceeding in which Judge Daniels rendered judgment was in the nature of an action of *indebitatus assumpsit* for a claim against the estate of J. E. Place, deceased, and not, as held by his Honor, "a claim against the fund representing the proceeds of the sale of the house and lot held by entireties." It will be noted that the issue submitted by Judge Daniels was not whether the plaintiff was the owner of and entitled to a claim against any particular fund or proceeds of any particular sale, but was one of simple indebtedness, being in the following language: "In what sum, if any, is the estate of J. E. Place indebted to Tempie G. Place?" The answer of $2,750 to this issue would seem to support judgment for a debt, rather than for a claim against a fund representing the proceeds of a sale. Likewise the submission of the second issue as to the sufficiency of the personal property to satisfy the obligations of the estate indicates that the court was acting upon the theory that the action was one for debt and creditor's claim, as the question of such sufficiency would not have arisen if the purpose had been to impress a claim upon a particular fund.

"If the *cestui que trust* is unable to trace the trust fund . . . *or if he elects not to do so,* he may proceed against the trustee personally." Perry on Trusts and Trustees, par. 843, pp. 1438-1439.

In an interesting discussion of the various counts in action of *assumpsit,* we find the following: "The count of *indebitatus assumpsit,* the most comprehensive one of all, in which it was alleged that the defendant was indebted to the plaintiff in a certain sum of money; *as for real property sold* or used and occupied, or for personal property sold; or for personal services rendered; or for money loaned or paid and expended to defendant's use; or for *money paid to and received by defendant to plaintiff's use;* all of which was incurred in some way at his special instance and request; and that being so indebted, the defendant promised in consideration thereof to pay the plaintiff the said

money. 1 Chit. Pl., 341; Saund. Pl. & Ev., 139. Of the *indebitatus* counts, those relating to transactions based on the payment or receipt of money were called the money counts; as money lent to defendant; money paid and expended for his use; and *money had and received 'by defendant to plaintiff's use."* 5 C. J., 1381, footnote 10(a).

The court below held "That the said Tempie G. Place is estopped by the verdict and judgment in the said former action in which it is declared that the personal assets of the estate are sufficient to pay its obligations and the costs of administration. . . ." In thus holding we think his Honor erred. In the judgment rendered in 1931 a definite indebtedness is declared and such judgment is final as to the amount. The further adjudication therein, based upon the second issue submitted, that the personal property was sufficient to satisfy the obligations of the estate was interlocutory. *Williams v. McFadyen,* 145 N. C., 156. This latter adjudication was of necessity interlocutory, since the sufficiency of personal property to pay debts does not become determinative of the question as to whether land may be sold to make assets until the time for paying the obligations of the estate arrives.

"Where the personal property, although originally sufficient for the payment of debts, has become insufficient after the death of the testator, by reason of depreciation or losses for which neither the personal representatives nor creditors are responsible, the real estate may be sold." 24 C. J., 553.

We conclude that the petitioner is entitled to have the land of the estate of J. E. Place, deceased, sold to make assets to pay the balance due on her judgment, namely, $1,937.50. This action is remanded to the Superior Court of Durham County, that judgment may be entered in accordance with this opinion.

Reversed.