MAGGIE WILSON v. PAUL R. ERVIN, ADMINISTRATOR D. B. N. OF THE ESTATE OF D. G. WILSON, DECEASED.

(Filed 7 May, 1947.)

**1. Husband and Wife § 15a—**

    An estate by entirety in personal property is not recognized in this State.

**2. Husband and Wife § 15c—**

    An estate by entirety may be destroyed or dissolved by the joint acts of the parties, and sale by husband and wife terminates the estate and the proceeds of the sale will be held by them as tenants in common without right of survivorship unless they exercise their right to provide otherwise by contract.

**3. Estates § 16—**

Since the statutory abolition of survivorship in joint tenancy, G. S., 41-2, the right of survivorship in personalty may be created only by contract.

**4. Evidence § 32—**

Where, in an action to establish a claim against an estate, plaintiff introduces evidence that prior to his death decedent had received the funds in dispute, testimony by her that she had never received any part of the funds is tantamount to testifying that decedent had not paid her any part thereof, and is incompetent under G. S., 8-51.

**5. Evidence § 24—**

The witness testified that he had never represented defendant's intestate in any business affairs. *Held:* Testimony that intestate had never told the witness that intestate had paid plaintiff any of the funds in controversy is no evidence that intestate had not made such payments, and is incompetent.

**6. Executors and Administrators § 19—**

Husband and wife sold land held by them by entireties. After his death she sued his estate to recover the proceeds of sale, part of which was in cash and part in purchase money notes. *Held:* There being no right of survivorship in the proceeds of sale as a matter of law, in the absence of competent evidence that the husband had not paid her any part of the cash proceeds, and the absence of evidence as to whom the notes were made payable, the administrator's motion to nonsuit should have been allowed.

**7. Appeal and Error § 31d—**

Where appellant does not file a brief his appeal will be dismissed. Rule of Practice in the Supreme Court, No. 28.

APPEAL by plaintiff and defendant from *Olive, Special Judge,* at October Extra Civil Term, 1946, of MECKLENBURG.

The defendant's intestate, D. G. Wilson, and the plaintiff were married in 1925 or 1926. There were no children born of this marriage, but the decedent had five children by a previous marriage.

The plaintiff qualified as administratrix of her husband's estate upon his death on 30 October, 1943. She filed an inventory of the estate 2 February, 1944, showing personal assets in the amount of $34,813.86, and thereafter on 7 August, 1944, filed a supplementary inventory showing the personal assets of the estate as $60,387.78. She subsequently resigned as administratrix and the defendant, the public administrator, took charge of the estate. Thereafter on 19 November, 1945, this action was instituted.

The further facts pertinent to this appeal are substantially as follows:

1. On 5 August, 1926, the Industrial Realty Company, Trustee, conveyed to D. G. Wilson and wife, Maggie Wilson, certain properties in a

suburban development known as Wilson Heights, and on 14 March, 1936, R. L. Price and wife conveyed to the said D. G. Wilson and wife, Maggie Wilson, certain properties in the suburban development known as Beverly Hills.

2. Prior to the death of D. G. Wilson, he had sold approximately fifty lots in the development known as Wilson Heights, to eleven different purchasers. D. G. Wilson and wife, Maggie Wilson, joined in the execution of the respective conveyances. Five sales were made during this period, of property owned by them in the development known as Beverly Hills. Deeds were similarly executed. Several of the purchasers executed notes and deeds of trust to secure the balance of the purchase price, and some of these notes were still unpaid at the time of the death of D. G. Wilson.

3. The plaintiff alleges and offered evidence tending to show that the defendant's intestate received the sum of $7,878.75 from the sale of the aforesaid properties. She further alleges that the above proceeds were received by her deceased husband from the sale of real property held by them as tenants by the entirety, and that no part thereof was paid by him to her, and that she is now entitled as survivor to the entire proceeds from the sale of said properties.

4. The defendant denies that the plaintiff is entitled to recover anything in this action, from the estate of the defendant's intestate, and moved for judgment as of nonsuit at the close of plaintiff's evidence. Motion overruled, whereupon the defendant offered evidence tending to show that D. G. Wilson and wife, Maggie Wilson, executed deeds of trust on certain properties involved herein and that the amount received by the defendant's intestate was less than the amount alleged by the plaintiff. To this evidence the plaintiff excepted.

At the close of all the evidence, the defendant renewed his motion for judgment as of nonsuit, which was again overruled. The jury returned a verdict in favor of the plaintiff for $6,484.92. The plaintiff and defendant appealed from judgment on the verdict to the Supreme Court, assigning error.

*John James and J. C. Sedberry for plaintiff.*
*Tillett & Campbell and James B. Craighill for defendant.*

DENNY, J. We shall first consider the defendant's appeal.

The trial below was conducted upon the theory that since the real property had been held by the plaintiff and the defendant's intestate as tenants by the entirety, the proceeds derived from the sale thereof, if such proceeds were held by defendant's intestate at the time of his death, passed to his administrator, as a part of the estate, and are held in trust for the survivor, his wife. In this there was error.

An estate by entirety in personal property is not recognized in this State. *Turlington v. Lucas,* 186 N. C., 283, 199 S. E., 366; *Davis v. Bass,* 188 N. C., 200, 124 S. E., 566; *Winchester v. Cutler,* 194 N. C., 698, 140 S. E., 622; *Dozier v. Leary,* 196 N. C., 12, 144 S. E., 368, 117 A. L. R., 922 n. Just as a divorce *a vinculo* will destroy the unity of husband and wife, and convert an estate by the entirety into a tenancy in common, *McKinnon v. Caulk,* 167 N. C., 411, 83 S. E., 559; *Davis v. Bass, supra,* so may an estate by the entirety be destroyed or dissolved by the joint acts of the parties. *Moore v. Trust Co.,* 178 N. C., 118, 100 S. E., 269. Hence, when property held as tenants by the entirety is sold, the proceeds derived from the sale will not be held as tenants by the entirety with the right of survivorship. Ordinarily, nothing else appearing, the proceeds from the sale of property held by the entireties are held as tenants in common, but the parties would have the right to determine by contract what disposition should be made of the funds or how they should be held. *Moore v. Trust Co., supra.* Moreover, since the abolition of survivorship in joint tenancy, G. S., 41-2, the right of survivorship in personalty, if such right exists, must be pursuant to contract and not by operation of law or statutory provision. *Taylor v. Smith,* 116 N. C., 531, 21 S. E., 202.

It should be borne in mind that a husband has no right to hold real estate as the survivor of an estate purporting to be one by the entireties, as against the heirs of the wife, if the consideration paid for the property came from the separate estate of the wife. *Carter v. Oxendine,* 193 N. C., 478, 137 S. E., 424; *Deese v. Deese,* 176 N. C., 527, 97 S. E., 475. Neither does a conveyance to husband and wife, of land representing a wife's interest in an estate, create an estate by the entireties. *Garris v. Tripp,* 192 N. C., 211, 134 S. E., 461; *Wood v. Wilder,* 222 N. C., 622, 24 S. E. (2d), 474; *Duckett v. Lyda,* 223 N. C., 356, 26 S. E. (2d), 918. Therefore, the holding that there can be no estate by the entireties in personal property, does not endanger or in any way impair the separate estate of the wife.

The appellee is relying upon what is said in *Place v. Place,* 206 N. C., 676, 174 S. E., 747, to sustain the verdict below. She contends the case is directly in point and by reason of the holding therein, she is entitled to all the proceeds received by the defendant's intestate, from the sale of the real property referred to herein, including the proceeds collected or to be collected from deferred payments thereon, since the death of her husband.

It does appear from the evidence that certain notes which represented the balance of the sale price of some of the lots conveyed by D. G. Wilson and wife, Maggie Wilson, were outstanding and unpaid at the time of the death of D. G. Wilson. But it is not disclosed by the evidence, to whom these notes were made payable. Consequently, if the plaintiff is

not entitled to the proceeds derived from the collection of these notes by operation of law, she has not offered sufficient evidence to establish a claim thereto against the estate of the defendant's intestate.

In the case of *Place v. Place, supra,* the question as to whether or not there can be an estate by the entirety in personal property was not before the Court for decision. J. E. Place at the time of his death had deposited the sum of $2,750.00 in a bank, said sum being the entire proceeds from the sale of land held by him and his wife as tenants by the entirety. The widow qualified as administratrix of his estate. She thereafter instituted a special proceeding, in which she claimed all of the aforesaid fund by right of survivorship, and obtained a judgment therefor. Notice of appeal was given to the Supreme Court by the respondents, but the appeal was not perfected. In the meantime, the bank in which the funds were deposited failed. The sum of $812.50 was recovered from the bank and paid on the judgment. Then a proceeding was instituted to determine whether or not the original judgment constituted a general claim against the estate of J. E. Place, or merely a claim against the fund which represented the proceeds from the sale of the land held by entirety. This Court held that the original judgment established the claim as a debt against the estate and that the petitioner was entitled to have the judgment paid in full. What was said in the opinion as to the basis for the original claim upon which the first judgment was obtained was not necessary to a decision on the question presented, and will therefore not be construed as authority for the position taken by the appellee on this appeal.

In view of what we have said above, we must now determine whether or not the plaintiff offered any competent evidence to establish a claim against the estate of the defendant's intestate.

The plaintiff offered competent evidence to show that the proceeds from the sale of certain lots held by her and her husband prior to his death, as tenants by the entireties, were received by him. She alleges in her complaint that no part of these funds were paid to her by her husband prior to his death. She seeks to sustain this allegation by her own testimony and that of her brother-in-law.

The plaintiff was permitted to testify, over the objection of the defendant, that she never received any of the proceeds derived from the sale of the properties referred to herein. Having offered evidence to show that her deceased husband received these funds prior to his death, her testimony to the effect that she had not received any of these funds was tantamount to testifying that the estate of her husband is now indebted to her for whatever interest she may have in the funds. We do not think this testimony was admissible under the provisions of G. S., 8-51. *Angel v. Angel,* 127 N. C., 451, 37 S. E., 479; *Benedict v. Jones,* 129 N. C., 475, 40 S. E., 223; *McGowan v. Davenport,* 134 N. C., 526,

47 S. E., 27; *Sherrill v. Wilhelm,* 182 N. C., 673, 110 S. E., 95; *Boyd v. Williams,* 207 N. C., 30, 175 S. E., 832; *Davis v. Pearson,* 220 N. C., 163, 16 S. E. (2d), 665; Stansbury on Evidence, Sec. 73.

The identical question raised here was decided in *Angel v. Angel, supra.* The witness testifying in his own behalf, in an effort to establish a set-off against the estate of the deceased, was asked, over objection, if anybody had paid him for certain merchandise he had furnished plaintiff's intestate. Thereupon the witness testified that no one had paid him for the goods. The Court said: "We think that this evidence was clearly incompetent, under section 590 of the Code (now G. S., 8-51). It needs no citation of authority to show that the defendant could not have testified that the intestate had never paid for the goods, and yet that was exactly the effect of his testimony when he said that nobody had paid him. Such a palpable evasion of the statute, which would be contrary to its essential meaning and would destroy its beneficial purpose, can not be permitted."

The present *Chief Justice,* speaking for the Court in *Sherrill v. Wilhelm, supra,* said: "We think a fair test in undertaking to ascertain what is a 'personal transaction or communication' with the deceased about which the other party to it cannot testify is to inquire whether, in case the witness testify falsely, the deceased, if living, could contradict it of his own knowledge." Applying the foregoing principles to the evidence under consideration, we think the defendant's exception to the admission of the evidence was well taken and must be sustained.

The remaining evidence offered by the plaintiff to show that she had not received any of the funds involved in this action from her husband prior to his death, was the testimony of J. S. Brown, her brother-in-law. Mr. Brown testified that at no time during the life of the defendant's intestate had he represented him in any of his business affairs. Nevertheless, in an effort to prove that plaintiff is now entitled to the funds in controversy, this witness was permitted to testify, over the objection of the defendant, that D. G. Wilson had never told him he had paid his wife any of the proceeds received from the sale of the lots referred to herein. How could this be competent? The witness, according to his own testimony, knew nothing about the business transactions of D. G. Wilson prior to his death. And the mere fact that D. G. Wilson had never told the witness that he had made a financial settlement with his wife, would not be competent evidence to prove that such a settlement had not been made. It possibly never occurred to Mr. Wilson that it was necessary or proper for him to discuss his private business affairs with his wife's brother-in-law. The exception to the admission of this evidence is sustained.

The burden of proof was on the plaintiff to make out her claim against the estate of the defendant's intestate. This she has not done on this record. The motion for judgment as of nonsuit should have been allowed.

In view of the conclusion reached it becomes unnecessary to discuss the plaintiff's appeal. However, since the plaintiff as an appellant did not file a brief, as required by Rule 28 of the Rules of Practice in the Supreme Court, 221 N. C., 563, the plaintiff's appeal will be dismissed.

Defendant's appeal—Reversed.

Plaintiff's appeal—Dismissed.