G. C. COLE v. J. G. SEAWELL.

(Filed 13 April, 1910.)

**Processioning—Dispute Lines—Survey—Procedure.**

When the petitioner in proceedings for processioning or locating certain lines between his own and adjoining lands, before the clerk, alleges that the lands of a party to the proceedings are adjoining his, which is admitted by that party, but he denies all the allegations of the petition which conflict with his title and the description of· the line he sets up as the true one, without further denial of the petitioner's title, the issue so raised is not one of title, but of boundary, and an order of the clerk that the county surveyor survey the boundaries in dispute, etc., and make· report, is in accord with the statute. Revisal, sec. 325.

APPEAL from the order of *W. J. Adams, J.,* at chambers at Carthage, 22 October, 1909, confirming an order made by the clerk of the Superior Court of MOORE in proceedings in processioning.

This was a proceeding before the Clerk of the Superior Court of Moore County for the purpose of processioning or locating a certain line alleged to be in dispute as shown by the pleadings in the cause.

Upon the filing of the answer the defendant moved before the clerk of the court that the issues of fact raised by the pleadings be made up and transmitted to the Superior Court of Moore County for trial in term before the judge and a jury. The motion of the defendant was overruled, and the defendant excepted. Exception 1.

The clerk thereupon made an order that the county surveyor survey the lands and boundaries in dispute between petitioner and defendant and such contiguous lands thereto as might be necessary to show the contentions of the parties and the true location of the disputed lines and boundaries, and make a report of the same as shown by the record. To this judgment the defendant objected in apt time, and excepted thereto and appealed therefrom to the judge residing in the Eighth Judicial District. Exception 2.

Said appeal of the defendant came on for hearing before his ·Honor, *W. J. Adams, J.,* at his chambers in the town of Carthage on 22 October, 1909, and upon the hearing of said appeal his Honor affirmed the judgment heretofore made by the clerk, and remanded said cause to said clerk for proceedings in accordance with said order, as shown by the record. The defendant in apt time excepted and objected to said ruling and judgment, and appealed therefrom to the Supreme Court.

H. F. Seawell for plaintiff.
U. L. Spence for defendant.

HOKE, J. Our statute on this subject, Revisal, ch. 10, sec. 325 et seq., provides that when an owner of land having disputed boundaries desires to establish their location, he shall file a petition under oath before the clerk, setting forth the facts sufficient to establish the correct location as claimed by him, and designating as defendants all adjoining owners whose interest may be affected by the location of the lines in dispute; and thereupon service having been first issued and served on the parties defendant, if no answer is filed, judgment shall be entered establishing the lines as claimed by the petitioner. Under other sections of the Revisal appropriate to special proceedings, if answer is filed raising an issue as to title, or other material issues in bar of plaintiff's right to the relief prayed for, the same shall be transferred to the civil-issue docket, to be considered· and determined according to the course and practice of the court. Woody v. Fountain, 143 N. C., 66; Jackson v. Williams, ante, 203; Biggs v. Gurganus, ante, 173. In case answer is filed raising an issue only on the location as claimed by plaintiff, then the law directs that the clerk shall issue an order to the county or other competent surveyor, who shall survey said line or lines according to the contention of both parties, and make report with a map showing the survey, and not more than thirty days from the date of the order. The clerk shall thereupon hear the matter and give judgment fixing the location of the line. If either party desires to except to this judgment of the clerk determining the line, he may do so within ten days, on giving proper notice, and thereupon the clerk is directed to transmit the issues raised before him to the next term of the Superior Court for trial by jury, etc.

In the present case, it appears from a perusal of the pleadings that the allegations only raise an issue as to the location of the disputed lines. The plaintiff, alleging possession and ownership of a certain tract of land, describing the same by metes and bounds, states, further, that defendant is owner of an adjoining tract, giving the boundaries of same.

The petitioner further avers that two of the lines are in dispute, and sets forth and describes the location of these lines as claimed by him, with clearness and precision.

The answer sets forth and describes the tract of land owned by defendant, giving the description by metes and bounds, and, in effect· and substance, denies all the allegations of the peti-

tion, in so far as the same conflict with his title and description. The land so described is the tract alleged and referred to by the plaintiff as an adjoining tract. There is no denial of plaintiff's ownership of the tract claimed by him, and it is clear that the issue is in no sense an issue as to title, but only as to location or boundary, and the ruling below directing in the first instance that a survey should be had, is in accordance with the express provisions of the statute, and the same is

Affirmed.