ERNEST W. MOORE AND WIFE, KATHLEEN JAMES MOORE, v. J. M. SHORE.

(Filed 18 September, 1935.)

1. Husband and Wife B c—

The husband has the right, during coverture, to deal with the possession of land held by him and his wife by entireties without the consent of the wife, but neither may make a contract affecting title, so as to defeat the right of the survivor in the whole estate, without the consent of the other.

2. Same: Deeds and Conveyances C d—Male tenant by entireties may not release other lots of restrictive covenants without wife's consent.

Where lots are conveyed with restrictive covenants limiting buildings to residences, the owner of each lot has a negative covenant in respect to the other lots in the development, and where one of such lots is owned by a husband and wife by the entireties, the husband may not convey or contract in respect to the negative easement of such lot over the other lots without the consent of his wife, since the wife has the right to such negative easement as a part of the estate if she should survive her husband, and the easement would be lost by its violation and the resulting change in character of the development.

APPEAL by defendant from Shaw, J., at January Term, 1935, of FORSYTH. Affirmed.

The plaintiffs are man and wife, and hold as tenants by the entireties lots Nos. 12 and 13 in the A. I. Shouse property on the Yadkin and Buena Vista roads, plat of which is registered in the record of deeds for Forsyth County. The defendant holds title to lots Nos. 42, 43, and 45 in said property.

The plaintiffs and defendant derive title to their respective lots of land from a common source, namely, the heirs at law of A. I. Shouse. The deeds to the plaintiffs and to the defendant, as well as the *mesne* conveyances, contain the following restriction: "That the property herein described shall be used for residential purposes only, except that buildings for domestic purposes may be constructed." The defendant procured written permission to erect a service station on the lots owned by him from the owners of all the lots affected by the restriction in the deeds, except the plaintiffs', and, construing the evidence most favorably to the defendant, procured oral permission from the male plaintiff to the same effect.

The plaintiffs instituted this action in the Forsyth County Court, and there obtained judgment restraining the defendant from erecting a service station on his lots, which judgment was affirmed on appeal to the Superior Court. From the judgment of the Superior Court the defendant appealed to the Supreme Court, assigning errors.

*Parrish & Deal for plaintiffs, appellees.*
*R. Glenn Key and Elledge & Wells for defendant, appellant.*

SCHENCK, J. This case presents the following determinative question: "Is the wife a necessary party to a contract relinquishing rights under a negative easement where such rights are created by deed establishing an estate by the entirety and held as such at the time of the agreement?" The county court and the Superior Court held that the wife was a necessary party to such contract.

Since the plaintiffs, Ernest W. Moore and his wife, Kathleen J. Moore, are tenants by the entireties, their rights must be determined by the common law, according to which the possession of the property during their joint lives rests in the husband. *Dorsey v. Kirkland,* 177 N. C., 520. Therefore, the male plaintiff could, during coverture, by deed or oral agreement, contract or deal with the possession of lots in question, without the consent of the *feme* plaintiff. Estates by entireties have never been destroyed or changed by statute in North Carolina, *Davis v. Bass,* 188 N. C., 200, and "the properties and incidents of this estate are not changed or affected by Art. X, sec. 6, of our State Constitution as to rights of married women. *Bank v. Gornto,* 161 N. C., 341."

It is contended, however, by the plaintiffs that the relinquishment of the rights which they enjoy under the restriction contained in the deeds herein involved would affect more than the mere possession that rests in the husband during coverture, in that it affects an interest which they hold in the freehold, and thereby defeats certain rights which the survivor would have in the estate. "An easement always implies an inter-

est in land. It is real property and is created by grant. . . . A building restriction is a negative easement." *Davis v. Robinson,* 189 N. C., 589.

While it is settled law with us that the husband, during coverture, may make valid conveyances and contracts affecting his right of possession in land held by him and his wife as tenants by the entireties, it is equally well settled as to tenants by the entireties that "neither can convey during their joint lives so as to bind the other, or defeat the right of the survivor to the whole estate," *Bank v. Gornto, supra,* and that "neither could encumber it or convey it so as to destroy the right of the other, if survivor, to receive the land itself unimpaired." *Bynum v. Wicker,* 141 N. C., 95.

Since the restriction in the deeds involved in this case created a negative easement in the lots upon which the defendant seeks to erect a service station, and thereby gave the plaintiffs as tenants by the entireties an interest in the freehold of said lots, it follows that the husband alone could not convey or contract with relation to this interest, so as to defeat the right of the wife, if she be the survivor, to receive such interest unimpaired. We think the erection of such service station would tend to defeat such rights of the wife, since under the holdings of this Court the right to enforce a restrictive building covenant will be lost where substantial and radical changes take place in the affected area. *Starkey v. Gardner,* 194 N. C., 74; *Higgins v. Hough,* 195 N. C., 652. The change from residential use to use for a service station is both substantial and radical, and the loss of the restriction would defeat the right of the survivor to receive the lots, now held by the entireties, with a residential restriction extending to the other lots in said area.

Affirmed.