A. W. NESBITT AND WIFE, CLARA M. NESBITT, v. FAIRVIEW FARMS, INC.

(Filed 24 February, 1954.)

**1. Boundaries § 6—**

Where in a processioning proceeding petitioners allege ownership of contiguous tracts by the respective parties, and a dispute between them as to the true dividing line, and respondents do not deny petitioners' allegation of ownership except with respect to lappages and infringements on lands owned by respondent, and join in the prayer that the dividing line be properly located, title is not in dispute, G.S. 38-1.

**2. Husband and Wife § 14—**

A deed to husband and wife, unless the instrument provides otherwise, vests in the husband and wife an estate by entireties.

**3. Husband and Wife § 15a: Boundaries § 6—**

During coverture the husband is entitled to the full possession, control and use of lands owned by himself and wife by the entireties and can maintain a processioning proceeding to establish the dividing line between such lands and the contiguous lands of another, even without the joinder of his wife.

**4. Same: Compromise and Settlement § 1—Wife is not necessary party to agreement in processioning proceeding establishing boundary to lands held by entireties.**

Petitioners, husband and wife, instituted this processioning proceeding to establish the true dividing line between lands owned by them by entireties and contiguous lands of respondent. Pending trial, an agreement was executed between respondent and the husband alone, stipulating that a survey be made in accordance with the agreement and that the parties be bound by the result thereof. *Held:* The agreement is binding upon the parties to the agreement and also upon the wife, even though she did not sign it, since title was not in issue and the stipulation was made by her husband in the course of the proceeding to establish the dividing line, which the husband could have maintained without her joinder, she being a proper but not a necessary party thereto.

**5. Appeal and Error § 40d—**

The findings of fact of the trial court are binding upon appeal when they are supported by sufficient evidence.

**6. Boundaries § 13—**

Where judgment in a processioning proceeding establishing the dividing line between the tracts of the respective parties is affirmed on appeal, the lower court may retain the cause thereafter only for the purpose of putting into effect the provisions of G.S. 38-3 (3).

APPEAL by plaintiffs from *Sink, J.,* at Regular October Term, 1953, of BUNCOMBE.

Processioning proceeding for the establishment of the true dividing line between the lands of petitioners and the lands of respondent.

16—239

The record and case on appeal reveals the following:

1. Petitioners filed a petition in which they allege (1) that they are the owners of certain specifically described land in Fairview Township, in Buncombe County, North Carolina, conveyed to them by a certain deed recorded in Deed Book 536, at page 125, in the office of the Register of Deeds for Buncombe County; and (2) that defendant is the owner of certain lands adjoining said lands of petitioners, and disputes the correctness of the boundary lines of said lands of petitioner,—the particular boundary lines so disputed by defendant being the boundary lines of petitioners in their said deed as follows:

"Thence with another line of said tract N. 15 deg. west 158 feet to a white oak on Old Ashworth and McClure corner; thence South 64 deg. west 681 feet to a stake; thence South 54 deg. west 279 feet to a stake; thence S. 33 deg. 50 min. west 695 feet to a stake in Ashworth Creek at the mouth of a ditch" . . .

2. Defendant, answering the petition so filed by petitioners, avers (1) that the allegations contained in paragraph 1 of the petition are not denied "except with respect to lappages and infringements upon the lands owned by the defendant which lands come from a common source and through an older title"; (2) that defendant is advised, informed and believes there is a question as to the proper location of the line referred to in paragraph 2 of the petition, and, as this defendant is advised, informed and believes, and so alleges, the plaintiff is wrongfully claiming a portion of the lands belonging to defendant.

3. Thereupon on 31 August, 1951, the Clerk of Superior Court, with consent of attorney for petitioners and attorney for defendant, entered an order appointing Robert J. Martin surveyor in the proceeding,—and directed him to make a survey, properly and correctly locating the boundary lines in dispute between the petitioners and defendant and to make report thereof to the court.

4. Thereafter the surveyor reported to the court that pursuant to the order of the court, and accompanied by A. W. Nesbitt, one of the petitioners, and the farm manager of defendant, and by a surveyor representing defendant, he made a survey of the disputed boundary,—by certain successive calls in deed from James G. K. McClure and wife to "Andrew W. Nesbitt and wife, Clara M. Nesbitt, recorded in Deed Book 536, on page 125, in the office of the Register of Deeds for Buncombe County" (which when compared is the deed referred to in paragraph 1 of the petition, as hereinabove shown), and that in connection therewith he prepared a map, a copy of which he attached to his report, with explanation of the lines shown thereon.

5. Thereafter on 14 March, 1952, the Clerk, being of opinion that an issue of fact had been raised by the pleadings, transferred the cause to the civil issue docket.

6. Thereafter on 11 October, 1952, defendant, through its attorney, moved the court "upon facts set forth in the attached affidavit" to order a new survey.

7. Thereafter on 21 October, 1952, "A. W. Nesbitt," under his hand and seal, and "Fairview Farms, Inc., by R. B. Fuller, President," stipulated and agreed in writing: "(1) That Robert J. Martin, Surveyor, may go to the disputed line between the properties of the parties hereto, and taking the deed from S. J. Ashworth and wife to J. C. K. McClure, date November 24, 1923, recorded in Book 281, page 57, and start at one or more of the known and admitted corners and lines, and suggesting the starting point be located at a stake in the branch at the mouth of another branch which occurs at the end of a call reading: 'Up and with the branch, North 84 deg. East 4 poles to a stake in the branch; up and with the branch, North 76 deg. 15 min. East 6 poles to a stake at the mouth of another branch,' and check distance back to road at about 200 feet. Locating a starting point by taking this natural location of the junction of the branches and then running backwards on the description of the said Ashworth to McClure Deed, and thus coming to and following the line now under dispute, and in this manner the said line shall be established upon the ground. (2) The parties to this instrument agree to abide by and accept the line established upon the ground in the manner, and using the information above set forth. (3) It is further agreed that, if the majority of the line thus established is located on the Fairview Farms, Inc., side of the one wire electric fence, then Fairview Farms, Inc., will pay the expense of this survey; if the majority of the said line as thus established is located on the A. W. Nesbitt side of said fence then A. W. Nesbitt will pay expenses of this survey. (4) Upon the establishment of the line as above set forth the parties hereto agree to sign an Agreement establishing the line as located by this survey."

8. Thereafter on ..... November, 1952, Robert J. Martin, surveyor, reported to "A. W. Nesbitt and R. B. Fuller, President of Fairview Farms, Inc.," that pursuant to the stipulation of 21 October, 1952, he "went upon the lands in question in the presence of A. W. Nesbitt and R. B. Fuller, and following the direction and provisions of said stipulation, and the parties on the ground, the undersigned started the survey according to the agreement and established the line" as follows:

"Beginning at a point in a branch at the mouth of another branch, at the point marked 'A' on the plat submitted herewith, and running thence South 78 deg. West 99 feet to stake in the branch, marked 'B' on said plat; thence South 84 deg. West 66 feet to stake on the bank of the branch, marked 'C' on said plat; thence South 64 deg. West 688.4 feet to stake, marked 'D' on said plat; thence South 54 deg. West 279.2 feet to, stake near a 10-inch oak, marked as corner, also near 10-inch black pine,

marked as pointer; thence South 32 Deg. 15 min. West 695 feet to stake in Ashworth Creek, marked 'F' on said plat."

9. Thereupon "Now come the plaintiffs in the above entitled action and object and except to the report of the surveyor," and for reason that Martin "did not start at any of the known and admitted corners and lines" move that the survey as reported be refused by the court, "and that a surveyor be appointed by the court who will follow the descriptions and mandates rather than ignore them as Robert J. Martin has in this cause." Signed "A. W. Nesbitt."

10. And on 29 June, 1953, defendant, through its counsel, entered a motion: For a judgment establishing the disputed line between the parties in accordance with the stipulation of 21 October, 1952, and the report of Robert J. Martin, surveyor, dated ...... November, 1952, as aforesaid,—contending "that the said stipulation, together with the said report, constitutes a settlement of the disputed line."

11. Thereafter affidavits "for Plaintiffs" and affidavits "for Defendant" in connection with the respective contentions of the parties as to the correctness of the survey, appear in the record.

12. The cause coming on to be heard upon the motion of plaintiffs described in paragraph 9 above, the court, under date of 27 October, 1953, ordered "that the said motion be, and the same is hereby overruled and the relief requested declined." To this ruling, and to the signing of the order plaintiffs object and except (Exception Nos. 1 and 2) and appeal to Supreme Court.

13. And the cause coming on to be heard upon the motion of defendant for judgment upon the record herein, and being heard and considered, the court finds: "(1) That the plaintiffs and the defendant entered into a binding Stipulation and contract, dated October 21, 1952, by which they agreed to have a survey made according to the direction set forth in said Stipulation, a copy of which Stipulation appears in the record attached to the motion in this cause. Plaintiffs' Exception No. 3.

"(2) That pursuant to the said Stipulation Robert J. Martin, Surveyor, selected and agreed to by the parties went upon the lands November . 1952 and made the survey according to the terms of said Stipulation and established and located the disputed line between the lands belonging to the parties to this action, and made Report thereof setting forth and describing said line. The original, signed report of the surveyor being attached to the motion in this cause. Plaintiffs' Exception No. 4.

"(3) It is further found that no fraud was alleged in the pleadings and no fraud is found by the court in the proceeding.

"(4) The court further finds that the said Stipulation of the parties, and the Report filed by the surveyor in accordance therewith, establishes the disputed line between the parties, and that the defendant is entitled

to have a judgment, locating said line in accordance therewith." Plaintiffs' Exception No. 5.

"It is, Now Therefore, Ordered, Adjudged and Decreed:

"(1) That the correct line between the lands of the plaintiffs and the defendant, heretofore questioned and disputed, is as follows: Beginning at a point in a branch at the mouth of another branch (said point being marked 'A' on the Plat submitted with surveyor's Report), and running thence South 78 deg. West 99 feet to a stake in the branch (marked 'B' on said Plat); thence South 84 deg. West 66 feet to stake on the bank of the branch (marked 'C' on said Plat); thence South 64 deg. West 688.4 feet to stake (marked 'D' on said Plat); thence South 54 deg. West 279.2 feet to stake near a 10-inch oak marked as corner, also near a 10-inch Black Pine marked as pointer; thence South 32 deg. 15 min. West 695 feet to stake in Ashworth Creek (marked 'F' on said Plat).

"(2) That a copy of this judgment be recorded in the office of the Register of Deeds of Buncombe County, North Carolina.

"(3) That the unpaid costs of this proceeding be divided equally between the plaintiffs and the defendant."

14. Plaintiffs except to the judgment as signed and appeal to Supreme Court, and assign error.

*George Pennell and Harry C. Martin for plaintiff, appellant.*
*Guy Weaver for defendant, appellee.*

WINBORNE, J. At the outset, it is appropriate to say that in this State it is provided by statute, G.S. 38-1, that "the owner of land, any of whose boundary lines are in dispute, may establish any of such lines by special proceedings in the Superior Court of the county in which the land or any part thereof is situated." Petitioners have proceeded under this statute.

The title to the land is not in issue unless made so by the pleadings. *Cole v. Seawell,* 152 N.C. 349, 67 S.E. 753. Here the petitioners allege in their petition that they are the owners of a certain tract of land, that defendant is the owner of certain lands adjoining the lands of petitioners, and that defendant disputes certain boundary lines of petitioners' land. On the other hand, while defendant, answering, does not deny the allegations of ownership set out in the petition "except with respect to lappages and infringments upon the lands owned by the defendant," it joins petitioners in a desire to have the lines between petitioners and defendant properly and correctly located. Thus the title is not really in dispute. See *Roberts v. Sawyer,* 229 N.C. 279, 49 S.E. 2d 468; *Clark v. Dill,* 208 N.C. 421, 181 S.E. 281; *Plemmons v. Cutshall,* 234 N.C. 506, 67 S.E. 2d 501.

NESBITT *v.* FAIRVIEW FARMS, INC.

Now, while appellants assign as error each of the matters to which the several exceptions shown relate, they state, in their brief filed here, these as the questions involved: Did the trial judge err (1) "in his findings of fact Nos. 1, 2 and 4?", and (2) "in overruling plaintiffs' motion to reject the second survey?". Careful consideration of the record, and applicable principles of law, leads to negative answers.

These questions are to be, and are considered in the light of the admitted fact that appellants, petitioners or plaintiffs, as they are interchangeably designated in the record on this appeal, acquired title to the land, to which they assert ownership, by a deed made to them as husband and wife. Such a deed, unless it be otherwise provided therein, vests in the husband and wife an estate by the entireties, or by the entirety, with right of survivorship, as at common law. And the doctrine of title by entireties between husband and wife as it existed at common law remains unchanged by statute in this State. Decisions of this Court so holding are too numerous to list. But see *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566, where in opinion by *Stacy, J.,* the Court treats of the incidents and properties of an estate by the entirety. See also *Harrison v. Ray,* 108 N.C. 215, 12 S.E. 993; *West v. R. R.,* 140 N.C. 620, 53 S.E. 477; *Morton v. Lumber Co.,* 154 N.C. 278, 70 S.E. 467; *Bank v. Hall,* 201 N.C. 787, 161 S.E. 484; *Moore v. Shore,* 208 N.C. 446, 181 S.E. 275.

However, the husband is entitled during the coverture to the full possession, control and use of the estate, and to the rents and profits arising therefrom to the exclusion of the wife. See *West v. R. R., supra.*

In the *West case* it is stated: " 'But while at common law neither the husband nor the wife can deal with the estate apart from the other, or has any interest which can be subjected by creditors so as to affect the right of the survivor, yet subject to this limitation the husband has the rights in it which are incident to his own property. He is entitled during the coverture to the full control and usufruct of the land to the exclusion of the wife.' 15 Am. and Eng. Enc. (2d) 649."

And in the *West case* the Court referred to the ruling in the case of *Topping v. Sadler,* 50 N.C. 358, that the husband may maintain an action in ejectment, and held that the husband, West, could maintain an action for damages to the land which had been conveyed to husband and wife, and which they held by entireties, and that the wife was not a necessary party. Compare *Moore v. Shore, supra.* Applying these rulings of the Court to the case in hand, it is clear that the husband, the petitioner, A. W. Nesbitt, being entitled to the possession and control of the estate by the entireties had the right to have the true boundary lines thereof ascertained, and could maintain this proceeding for the establishment of such boundary lines, even without the joinder of his wife. That is, that she is not a necessary party to such proceeding. *Topping v. Sadler, supra; West v. R. R., supra.*

It follows that, having the right to maintain the proceeding for such purpose, the husband had the right to stipulate as to method by which the true boundary line could be ascertained. Hence, in so far as he, the husband, is concerned, the trial judge did not err in the findings of fact and conclusions of law in respect to the stipulation of 21 October, 1952.

The question then arises as to whether on this record the wife, the petitioner, Clara M. Nesbitt, is bound by the said stipulation. And though the record fails to show that she made any such contention in the court below, she contends in this Court that since their land is held as an estate by the entirety, she is not bound by the said stipulation because she did not sign it. This contention is without merit for these reasons: (1) Her interest in the estate by the entirety is not affected. (2) While she is not a necessary party to this proceeding, she is a proper party. And having joined her husband in the institution and prosecution of this proceeding to establish the true boundary lines between their lands and those of defendant, she will not be heard to say that she is not bound by the stipulation her husband made in the course of the proceeding toward accomplishing this end.

The findings of fact made by the trial judge appear to be supported by sufficient evidence, and are binding on this Court. *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351.

For reasons stated, error is not made to appear in the judgment from which appeal is taken.

Hence, in accordance with this opinion, the court below should put into effect the provisions of G.S. 38-3 (3) and retain the cause only for this purpose.

The judgment below is
Affirmed.