In re Vierl L. BANKS, Sr., Debtor.

In re John A. CARPENTER d/b/a Carpenter Dental Lab, Debtor.

Petition Nos. A–B–82–230, A–B–82–260.

United States Bankruptcy Court, W. D. North Carolina.

Sept. 3, 1982.

Dennis J. Winner, Erwin, Winner & Smathers, P.A., Asheville, N.C., for Vierl L. Banks, Sr., debtor.

David G. Gray, Gray, Kimel & Connolly, P.A., Asheville, N.C., for John A. Carpenter d/b/a Carpenter Dental Lab, debtor, and as Chapter 13 Trustee in "In re Banks".

David R. Hillier, Gum & Hillier, P.A., Asheville, N.C., Trustee in "In re Carpenter".

## MEMORANDUM OF DECISION AND ORDER

MARVIN R. WOOTEN, Bankruptcy Judge.

In the case of *In Re: Banks,* the Debtor, in his Chapter 13 Petition, exempted certain property pursuant to North Carolina Chapter 1C–1601(a) and in addition attempted to exempt two pieces of real property as tenancies by the entireties pursuant to Section 522(b)(2)(B) of the Bankruptcy Code. The proposed plan paid unsecured creditors forty (40) percent of their claims. If the tenancy by the entireties properties are non-exempt, it is necessary that the plan pay unsecured creditors one hundred (100) percent of their claims.

In *In Re: Carpenter,* the Debtor filed a Petition in Chapter 7. He claimed exemptions in certain property pursuant to North Carolina General Statute 1601(a) and exemptions in tenancy by the entireties property pursuant to Section 522(b)(2)(B) of the Bankruptcy Code and under North Carolina General Statute 1601(a). North Carolina, by statute effective January 1, 1982, "opted out" of the Federal exemptions pursuant to Section 522(b)(1). North Carolina, in the same act, established state law exemptions.

The question for the court to determine is as follows: When a state "opts out" of the Federal bankruptcy exemptions pursuant to 11 U.S.C. 522(b)(1), is the debtor allowed to exempt property pursuant to the state statute and in addition may the debtor claim property exempt which is exempt from process under the said state's law?

■ North Carolina recognizes the common law doctrine known as tenancy by the entirety. In such a tenancy, neither spouse can individually transfer or encumber the property in such a manner as will affect or defeat the other spouse's right of survivorship. *Moore v. Shore,* 208 N.C. 446, 181 S.E. 275 (1935). The individual creditors of the husband or wife cannot reach entirety property upon a judgment procured against either the husband or the wife alone. *Grabenhofer v. Garrett,* 260 N.C. 118, 131 S.E.2d 675 (1963). As such, when only one spouse filed the petition under the old Bankruptcy Act, title to the entirety property did not pass to the trustee. *4A Collier on Bankruptcy,* Section 70.17[A].

Under the new Bankruptcy Code, Section 541(a)(1), all legal or equitable property interests of the debtor are included in the bankruptcy estate, including individual tenancy by the entireties interests. Section 522 allows the debtor to exempt certain property from administration in the estate. A debtor may elect to exempt property pursuant to 522(a), which exemptions are set out in Section 522(d), or may elect to exempt property pursuant to other Federal exemptions, state exemptions, and in addition property held as tenancies by the entireties if the state law exempts such tenancies from process. The Code further allows the states to "opt out" of the Federal exemptions. However, if the state does so opt out of the exemptions pursuant to Section 522(b)(1), the exemptions set out in 522(b)(2) are the only exemptions available to the debtor.

■ The question then arises did the North Carolina Legislature, by the passage of Section 1C–1601, alter or eliminate the exemption from North Carolina process of tenancy by the entireties. The legislative history reflects that the North Carolina General Assembly considered eliminating, altering, and limiting tenancy by the entirety. However, the Statute which was enacted does not mention tenancy by the entirety in any way. Thus, it can be concluded that the General Assembly did not intend to alter the common law doctrine of tenancy by the entirety but to leave it in full force and effect. The effect of Section 1C–1601 of the General Statutes of North Carolina is to allow individual debtors to exempt their property pursuant to that statute, and their

real property is also exempt from process under the common law doctrine of tenancies by the entireties.

Therefore, in conclusion, an individual debtor in North Carolina may, pursuant to 11 U.S.C. Section 522(b)(2)(A), claim as exempt property under North Carolina General Statute 1C–1601(a) and may, pursuant to 11 U.S.C. Section 522(b)(2)(B), claim as exempt property under the North Carolina common law doctrine of tenancy by the entireties.

The objections of the Trustees in each case are overruled.