ALMA GRIMES LANIER. JEAN L. LAUMANN AND JAMES BRUCE LANIER v. DENE L. DAWES, CHARLES BURNICE LANIER, JR., WILLIAM LEE LANIER AND EVA FLY LANIER.

(Filed 11 October, 1961.)

**1. Appeal and Error § 21—**

An exception to the judgment presents for review whether error of law appears in the judgment or upon the face of the record.

**2. Husband and Wife § 17—**

Where husband and wife owning an estate for life by the entireties are divorced, their estate is converted into a tenancy in common for life, and not a joint estate for life, and the survivor does not take an estate for life in the entire tract but only an estate for life in an undivided one-half interest in the lands.

APPEAL by plaintiff from *Hall, J.,* at June Term, 1961, of EDGECOMBE.

Proceeding instituted under the North Carolina Declaratory Judgment Act, Chapter 1, Article 26, Section 1-253, *et seq.,* of the General Statutes.

The record shows: That the cause came on to be heard before the Honorable C. W. Hall, Judge Presiding, at the June Term, 1961, of the Superior Court of Edgecombe County upon pleadings filed herein under the said Act, and it was made to appear to the court, and the court finds as facts from the allegations and admissions in the pleadings, the following:

"1. By deed dated September 25, 1945, registered in Book 419, page 226, Edgecombe County Registry, C. B. Lanier and wife, Alma Grimes Lanier, conveyed to George M. Fountain, Trustee, the real estate described in the complaint (subject to certain charges in favor of Eva

Fly Lanier) upon the trust that said real estate should be immediately reconveyed by said Trustee as set out in the succeeding paragraph hereof;

"2. Pursuant to said trust, George M. Fountain, Trustee, executed a deed dated the same date, and registerd in Book 419, page 228, Edgecombe County Registry, 'to C. B. Lanier and his wife, Alma G. Lanier, for the term of their natural lives, and remainder to Anna Jean Lanier, Alma Dene Lanier, C. B. Lanier, Jr., William Lee Lanier, and James Bruce Lanier, their heirs and assigns.'

"3. By judgment rendered April 20, 1955, in the Superior Court of Edgecombe County, C. B. Lanier was granted an absolute divorce from Alma G. Lanier, Judgment Docket 26, page 278.

"4. C. B. Lanier died January 22, 1960, leaving surviving his former wife, Alma Grimes Lanier, and five children, who are the remaindermen named in the aforesaid deed: Anna Jean Lanier (now Jean L. Laumann), Alma Dene Lanier (now Dene L. Dawes), C. B. Lanier, Jr., William Lee Lanier, and James Bruce Lanier, all of whom are parties to this action.

"5. Peoples Bank and Trust Company, as Receiver heretofore appointed in this action, now holds the sum of Three Thousand Dollars ($3,000.00) realized as proceeds from a fire insurance policy resulting from destruction of the dwelling house on the aforesaid property on January 22, 1960.

"6. Alma Grimes Lanier was 48 years of age when this action was instituted.

"7. Peoples Bank and Trust Company, Receiver as aforesaid, holds the funds of $1,270.00 representing 1960 rents on the aforesaid real estate.

"8. All persons having an interest in this controversy are parties hereto and are properly before the court."

And the record also shows that from the foregoing facts, "the court is of the opinion that the deed from George M. Fountain, Trustee, created a life estate by the entireties in C. B. Lanier and wife, Alma G. Lanier, which life estate by the entireties was converted by the absolute divorce of said parties into a tenancy in common, C. B. Lanier then owning a life estate in a one-half undivided interest as tenant in common with his former wife, Alma G. Lanier, who owned a life estate in a one-half undivided interest; that upon the death of C. B. Lanier, his life estate in the one-half undivided interest terminated and the remaindermen thereby became vested of title in fee simple absolute in said one-half undivided interest and the interest of Alma G. Lanier (being a life estate in a one-half undivided interest) remained the same, all subject, however, to an annual charge of $140.07, payable

to Eva Fly Lanier on October 1st of each year as provided for by deed from J. B. Lanier and wife, Eva Fly Lanier, to C. B. Lanier, recorded in Book 395, page 414, Edgecombe Public Registry.

"The court is also of the opinion that the plaintiff Alma Grimes Lanier is entitled to a share in the aforesaid insurance funds computed as by statute provided on the basis of the cash value of her life estate in one-half of said insurance funds and that the rest of said funds belong to Jean L. Laumann, Dene L. Dawes, Charles B. Lanier, Jr., William Lee Lanier, and James Bruce Lanier, in equal shares.

"The court is of the further opinion that the plaintiff Alma Grimes Lanier is entitled to one-half of the aforesaid rent proceeds as the owner of a life estate in a one-half undivided interest in the aforesaid real estate for the year 1960 during which said rent was earned, and that the remainder of said rent shall be divided in equal shares among Jean L. Laumann, Dene L. Dawes, Charles B. Lanier, Jr., William Lee Lanier, and James Bruce Lanier.

"Now, therefore, it is Ordered, Adjudged and Decreed that the real estate which is the subject matter of this action is owned as follows: (a) The plaintiff Alma Grimes Lanier is seized of a life estate in one-half undivided interest in the aforesaid real estate; that Jean L. Laumann, Dene L. Dawes, Charles B. Lanier, Jr., William Lee Lanier, and James Bruce Lanier are seized in fee simple of a one-half undivided interest in said real estate and of a vested remainder in fee simple subject to the life estate of Alma Grimes Lanier in the other one-half undivided interest, all subject, however, to an annual share of $140.07 payable on the first day of October of each year to Eva Fly Lanier for and during the term of her natural life as provided in that certain deed from J. H. Lanier and wife, Eva Fly Lanier, to C. B. Lanier, registered in Book 395, page 414 Edgecombe County Public Registry.

"(b) That the plaintiff Alma Grimes Lanier is entitled to a share in the aforesaid insurance funds computed as by statute provided on the basis of the cash value of her life estate at age 48 years in a one-half of said insurance funds and that the rest of said funds belong to Jean L. Laumann, Dene L. Dawes, Charles B. Lanier, Jr., William Lee Lanier, and James Bruce Lanier, in equal shares; and

"(c) That the plaintiff, Alma Grimes Lanier, is entitled to one-half of the aforesaid rent proceeds as the owner of a life estate in a one-half undivided interest in the aforesaid real estate for the year 1960 during which said rent was earned; and that the remainder of said rent shall be divided in equal shares among Jean L. Laumann, Dene L. Dawes, Charles B. Lanier, Jr., William Lee Lanier, and James Bruce Lanier; and

"(d) That the costs of this action to be taxed by the Clerk shall be paid one-half by the plaintiffs and one-half by the defendants."

To the foregoing judgment the plaintiffs except and appeal to the Supreme Court. Notice of appeal given in open court. The case on appeal, by agreement of the parties, shall consist of the record proper.

*Thorp, Spruill, Thorp, Trotter & Biggs for plaintiff appellants.*
*Fountain, Fountain, Bridgers & Horton for defendant appellees.*

WINBORNE, C.J.  The sole assignment of error appearing in the record is to the rendering of the judgment.

An exception to the judgment rendered raises the question as to whether error in law appears upon the face of the record. Indeed, the appeal to the Supreme Court is itself an exception to the judgment, or to any other matter of law appearing upon the face of the record. See *Lea v. Bridgeman,* 228 N.C. 565, 46 S.E. 2d 555; *Culbreth v. Britt,* 231 N.C. 76, 56 S.E. 2d 15, and cases cited; also *Gibson v. Ins. Co.,* 232 N.C. 712; 62 S.E. 2d 320; *Duke v. Campbell,* 233 N.C. 262, 63 S.E. 2d 555; *In re Blalock,* 233 N.C. 493, 64 S.E. 2d 848; *S. v. Sloan,* 238 N.C. 672, 78 S.E. 2d 738; *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223; *Cannon v. Wilmington,* 242 N.C. 711, 89 S.E. 2d 595; *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271.

Stated briefly, the appellants' contention is this: That the effect of an absolute divorce is to convert an entireties estate for life into a joint estate for life, so that upon the death of one life tenant, the surviving life tenant takes the whole life estate by survivorship as an incident of the estate. With this contention we cannot agree.

An exhaustive analysis of estates by the entirety is set forth by *Stacy, J.,* in *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566, from which we quote in pertinent part as follows: "When land is conveyed or devised to a husband and wife, as such, they take the estate so conveyed, or devised, as tenants by the entirety, and not as joint tenants or tenants in common. *Harrison v. Ray,* 108 N.C. 215. This tenancy by the entirety takes its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. The estate rests upon the doctrine of the unity of person, and, upon the death of one, the whole belongs to the other, not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each grantee. *Long v. Barnes,* 87 N.C. 329; *Bertles v. Nunan,* 92 N.Y. 152. * * * 15. A tenancy by the entirety may exist in lands whether the estate be in fee, for life, or for years, and whether the same be in possession, reversion, or remainder (30 C.J. 566); but in this jurisdiction it is held that there

can be no estate by the entirety in personal property, *Turlington v. Lucas*, 186 N.C. 283. * * * 9. An absolute divorce destroys the unity of husband and wife, and therefore converts an estate by the entirety into a tenancy in common. *McKinnon v. Caulk*, 167 N.C. 411." See also: *Smith v. Smith*, 249 N.C. 669, 107 S.E. 2d 530; 26 Am. Jur., Husband and Wife, Section 117.

The judgment of the court below is in accordance with these principles and is, therefore,

Affirmed.