NORTH CAROLINA STATE HIGHWAY COMMISSION, PLAINTIFF, v. IRVIN J. MYERS AND WIFE, SARAH V. MYERS; J. L. CARLTON, TRUSTEE; WINSTON-SALEM SAVINGS AND LOAN ASSOCIATION, DEFENDANTS.

(Filed 3 May, 1967.)

**1. Husband and Wife § 15—**

Even though rents and profits from an estate by the entirety are owned exclusively by the husband, such rents and profits, and even the actual possession of the land, may be made available for the support of the

wife; nevertheless, sale of land owned by the entirety may not be ordered to procure funds to pay alimony to the wife or to pay her counsel fees.

**2. Husband and Wife § 17—**

While an absolute divorce converts an estate by the entirety into a tenancy in common, a divorce *a mensa* does not do so; however, an estate by the entirety can be dissolved by the voluntary joint act of the husband and wife, as by conveyance.

**3. Eminent Domain § 13—**

Upon the filing of the complaint and the declaration of a taking, together with the making of a deposit in court, title and right to immediate possession of property condemned by the Highway Commission vests in the Commission. G.S. 136-104.

**4. Eminent Domain § 14;   Husband and Wife § 17—**

Where title to land held by the entirety is transferred to the State Highway Commission upon the payment into court of a sum estimated by the Commission to be just compensation, such involuntary transfer of title does not destroy the estate by the entirety, and the compensation paid by the Commission has the status of real property owned by the husband and wife as tenants by the entirety, and the wife is not entitled to any part thereof unless and until there is a change of status, and there can be no disbursement for any purpose unless specifically authorized by order of the court entered after hearing pursuant to notice to all interested parties.

APPEAL by defendant Sarah V. Myers from. *Gwyn, J.,* November 14, 1966 Civil Session of FORSYTH.

The North Carolina State Highway Commission (Commission) instituted this condemnation proceeding September 13, 1966, pursuant to G.S. Chapter 136, Article 9, to acquire for highway purposes a right of way over the portion of the real property owned by Irvin J. Myers and wife, Sarah V. Myers, as tenants by entirety, within the right of way of the Commission's Project 8.2832001. A portion of a building on the Myers property was within the right of way of said project. Another portion thereof was on the remainder of the Myers property. With reference thereto, the Commission condemned "the entire one-story commercial building located . . . together with the right to enter upon the lands surrounding said building or structure outside the right of way for the sole purpose of removing said building or structure and no permanent interest or estate is hereby taken in or to the land underlying that portion of said building or structure outside the right of way."

The Commission alleged the property appropriated by it is owned by Irvin J. Myers and wife, Sarah V. Myers, subject to (1) a deed of trust dated October 26, 1962, to J. L. Carlton, Trustee for Winston-Salem Savings and Loan Association, (2) 1966 *ad valorem* taxes, and (3) certain easements.

Upon filing its complaint and declaration of taking the Commission deposited with the clerk of the superior court the sum of $10,455.00, the sum estimated by it to be just compensation for said taking.

Irvin J. Myers and wife, Sarah V. Myers, have lived separate and apart since June 1964, but are not divorced. Issues as to their marital differences are involved in an action instituted July 14, 1964, under G.S. 50-16, entitled, *"Sarah Virginia Myers v. Irvin Jackson Myers,"* now pending in this Court on the plaintiff's appeal from an order filed therein on December 19, 1966. The opinion in said action is filed simultaneously with the filing of opinion herein.

On September 28, 1966, Sarah V. Myers filed in this cause a pleading entitled, "Application," in which she asserted $10,455.00 was "inadequate compensation" and that she declined to accept the amount as full compensation for the taking. She prayed that "the aforesaid deposit, or some appropriate portion thereof," be delivered to her "pursuant to the provisions of G.S. 136-105, as a credit against just compensation . . ." On October 13, 1966, Irvin J. Myers filed herein a pleading entitled, "Response to Application of Sarah V. Myers," in which, for reasons set forth, he denied Sarah V. Myers was entitled to any portion of the $10,455.00 deposit. He prayed that "the deposit at issue be distributed to him as a credit against just compensation and that he not be prejudiced by acceptance of said deposit or a portion thereof."

Judge Gwyn entered the following order:

"The application of Sarah V. Myers for disbursement of the money deposited in the office of the Clerk of this Court is hereby denied.

"This order is not intended to adjudicate any issue with relation to the right of the Respondent wife to support and maintenance."

Defendant Sarah V. Myers excepted to the court's denial of her application for distribution to her of a portion of said deposit and appealed.

*Randolph & Drum for defendant appellant Sarah V. Myers.*
*Hayes & Hayes for defendant appellee Irvin J. Myers.*

BOBBITT, J. The pleadings of defendants Sarah V. Myers and Irvin J. Myers relate primarily to their controversy *inter se* with reference to the $10,455.00 now on deposit with the clerk. Neither has filed answer to the allegations of the complaint. It would seem appropriate that they do so if they desire a judicial determination as to what constitutes adequate and just compensation for the property appropriated by the Commission. G.S. 136-105, 106, 107.

. The sole question for decision is whether Sarah V. Myers is presently entitled to have distributed to her *any* portion of the $10,455.00 deposit. Decision turns upon whether this $10,455.00 (and any additional amount the Commission may be required to pay as compensation) has the status of real property owned by husband and wife as tenants by entirety.

. The "properties and incidents of estates by the entirety" are summarized by Stacy, J. (later C.J.), in the oft-cited case of *Davis v. Bass*, 188 N.C. 200, 124 S.E. 566.

"An absolute divorce destroys the unity of husband and wife, and therefore converts an estate by the entirety into a tenancy in common." *Davis v. Bass, supra; McKinnon v. Caulk*, 167 N.C. 411, 83 S.E. 559; *Smith v. Smith*, 249 N.C. 669, 107 S.E. 2d 530; *Lanier v. Dawes*, 255 N.C. 458, 121 S.E. 2d 857. However, a divorce *a mensa et thoro*, which does not destroy the marital relationship, does not convert an estate by the entirety into a tenancy in common. *Freeman v. Belfer*, 173 N.C. 581, 92 S.E. 486. Irvin J. Myers and Sarah V. Myers are husband and wife. There has been no divorce either absolute or from bed and board.

"(T)he husband is entitled during the coverture to the full possession, control and use of the estate, and to the rents and profits arising therefrom to the exclusion of the wife." *Nesbitt v. Fairview Farms, Inc.*, 239 N.C. 481, 486, 80 S.E. 2d 472, 477. However, "the rents and profits therefrom, which belong to the husband, may be charged with the support of his wife." *Porter v. Bank*, 251 N.C. 573, 577, 111 S.E. 2d 904, 908, and cases cited. In this respect, such rents and profits have the same status as other income and assets owned exclusively by the husband. *In re Estate of Perry*, 256 N.C. 65, 70, 123 S.E. 2d 99, 102. Whether Sarah V. Myers is entitled to alimony is determinable in her action under G.S. 50-16 referred to in the statement of facts.

Although the rents and profits therefrom and the actual possession thereof may be made available for the support of the wife, the court does not have the power to order the sale of land owned by husband and wife as tenants by the entirety in order to procure funds to pay alimony to the wife or to pay her counsel fees. *Holton v. Holton*, 186 N.C. 355, 119 S.E. 751; *Porter v. Bank, supra.*

An estate by the entirety can be destroyed or dissolved by the voluntary joint acts of the husband and wife. *Wilson v. Ervin*, 227 N.C. 396, 42 S.E. 2d 468. Hence, where husband and wife sell and convey real property owned by them as tenants by entirety the proceeds of sale, including a balance purchase money note and security therefor, are considered personal property, and the husband

and wife are tenants in common in respect of the ownership thereof. *Shores v. Rabon,* 251 N.C. 790, 793, 112 S.E. 2d 556, 559, and cases cited. Decisions in other jurisdictions relating to the effect of such sales are cited in Anno., 64 A.L.R. 2d 8, 47 *et seq.*

Upon the filing of the complaint and the declaration of taking and deposit in court, the title and the right to immediate possession of the portion of the Myers property within the right of way of said project vested in the Commission. G.S. 136-104. Voluntary action by the owners is not involved. The question for decision is whether such involuntary transfer of title effected by the condemnation proceeding operates to destroy or dissolve the estate by the entirety as if the condemned portion of the Myers property had been sold and conveyed by the voluntary joint acts of the owners thereof. Specifically, is the compensation paid by the Commission for the appropriated property constructively real property, owned by husband and wife as tenants by the entirety, or personal property owned in equal shares by husband and wife?

Unless otherwise provided by their joint and voluntary agreement, and in the absence of an absolute divorce, we are of opinion and so decide that such involuntary transfer of title does not destroy or dissolve the estate by the entirety in respect of the appropriated portion of the Myers land, and that the compensation paid by the Commission therefor has the status of real property owned by husband and wife as tenants by the entirety.

In *Whitlock v. Public Service Company of Indiana, Inc.,* 239 Ind. 680, 159 N.E. 2d 280, an eminent domain proceeding in which property owned by husband and wife as tenants by the entirety was condemned, the opinion states: "The Indiana law impresses the proceeds from property held by the entireties with the rights of survivorship, the same as the original property from which it came." The opinion of Arterburn, J., cites *In re Idlewild Airport, Second Addition,* 85 N.Y.S. 2d 617 (Sup. Ct.), and *In re Jamaica Bay, Boroughs of Brooklyn and Queens, City of New York,* 252 App. Div. 103, 297 N.Y.S. 415. In the *Idlewild Airport* case, it was held that the compensation award should be paid to the husband for land held by the entirety when the wife died after the award but before payment. In the *Jamaica Bay* case, where the husband died after the taking but before payment of the award, it was held that the wife was entitled to the entire principal sum. For additional decisions of like import, see Anno., 64 A.L.R. 2d 8, 61. No decision reaching a contrary conclusion has come to our attention.

The real property involved in *Perry v. Jolly,* 259 N.C. 305, 130 S.E. 2d 654, was owned by H. K. Perry and his wife, Florence

Johnson Perry, as tenants by the entirety. Mrs. Perry had been adjudged incompetent and W. M. Jolly had been appointed and was acting as her general guardian. A proceeding under authority of G.S. Chapter 35, Article 4, was under consideration. For present purposes, it is noted that a sale of the property under order of the court was approved by the husband and by the general guardian of the incompetent wife. It was held that such sale, as to the incompetent wife, was involuntary; and that such "involuntary sale of the lands does not destroy the tenancy by the entireties, but merely transfers the rights of the tenants from the land to the fund."

In *Perry v. Jolly, supra,* the sale, although involuntary as to the incompetent, was authorized only upon affirmative findings by the court that such sale was for the best interests of the husband and wife. Here, the transfer of title to the Commission is wholly involuntary. The appropriation of the Myers property in the condemnation proceeding is at the instance of the Commission and for the benefit of the public without regard to the wishes or best interests of the owners of the Myers property. *A fortiori,* such involuntary appropriation does not destroy the tenancy by the entirety, but merely transfers the rights of the tenants from the land to the funds.

Having reached the conclusion that Sarah V. Myers has no *present* right to any portion of the $10,455.00 deposit, the order of Judge Gwyn is in all respects approved and affirmed.

Questions relating to the rights of Irvin J. Myers with reference to said $10,455.00 deposit are not presented by this appeal. Suffice to say, there can be no disbursement of any portion thereof for any purpose unless specifically authorized by order of the court entered after hearing pursuant to notice to all interested parties.

Affirmed.