ANNIE J. BLACKWELL v. WILLIS E. BLACKWELL

No. 7110DC423

(Filed 14 July 1971)

1. Divorce and Alimony § 16— wife as dependent spouse — ability of husband to provide support — sufficiency of findings

   In this action for alimony without divorce, the trial court found sufficient facts to establish plaintiff wife as the dependent spouse and defendant husband as the supporting spouse and the need of plaintiff for support and the ability of the defendant to provide support.

2. Divorce and Alimony § 16— alimony without divorce — requirement that husband convey entirety property to wife

   In an action for alimony without divorce, the court was without authority to order the husband to convey to the wife all of his right, title and interest in real estate owned by the parties as tenants by the entirety.

APPEAL by defendant from *Preston, District Court Judge,* 15 February 1971 Session District Court Division, General Court of Justice, WAKE County.

Plaintiff instituted this action for alimony without a divorce, alimony *pendente lite* and attorney's fees.

On 28 October 1970 District Court Judge Winborne entered an order allowing plaintiff $50.00 a month alimony *pendente lite* and her attorney $150.00 as reasonable fee. Thereafter, under date of 15 February 1971, District Judge Preston entered a consent order duly signed by both the plaintiff and the defendant and their respective attorneys. In this order it was adjudicated that plaintiff has been a resident of the State of North Carolina for more than six months next preceding the institution of the action; that plaintiff and defendant were married on 23 September 1945; that the defendant abandoned the plaintiff without any just or lawful provocation; and that the cause was retained for the purpose of the court hearing the evidence and entering such orders as the court might deem appropriate upon the question of support and manner in which the support should be paid and attorney's fees.

Thereafter, and at the same session of court, the parties proceeded to introduce evidence consisting for the most part that the four children born of the marriage are all of age or self-supporting; that the plaintiff is receiving medical treatment for a heart condition and this 'necessitates a limitation

of her activities; that the parties own a three-acre tract of land in Wake County as an estate by the entireties and there is located on that tract of land a building containing a small grocery store and living quarters for the plaintiff; that this property has a fair market value of $16,000.00 and an indebtedness thereon in the amount of $12,314.20 which is secured by a deed of trust held by Central Carolina Bank; that the grocery store inventory has a fair market value of $3,000.00. The plaintiff further introduced evidence as to her outstanding obligations, her income and an itemized list of her monthly expenses. The defendant introduced in evidence an itemized list of his income and expenses; this list showed a gross income by way of salary in the amount of $368.80 every two weeks, and, after tax and retirement reductions, a net monthly income of $614.90. The defendant showed living expenses of $388.32, and insurance costs in the amount of $119.72, leaving a net monthly surplus of $106.86.

Based upon the consent order of 15 February 1971, Judge Preston entered an order on 18 February 1971 to the effect that defendant abandoned plaintiff; plaintiff is a dependent spouse and defendant is a supporting spouse; plaintiff has outstanding obligations of $14,739.63; plaintiff has monthly expenses of $493.84; that the parties owned as tenants by the entirety a tract of land containing 3.1 acres on which is located a store; that the parties prior to separation operated a country store on the premises; that since the separation plaintiff has continued to operate the store; that plaintiff's net profit from the store operation in 1970 was $4,207.52 which did not include any income tax or mortgage payments; that plaintiff's health is poor, and she is required to rest a great deal and was confined in the hospital in the Spring of 1970; that defendant is employed by the Federal Aviation Authority and is paid $368.80 gross pay each two weeks. Based upon these findings, Judge Preston ordered the defendant to pay alimony of $200.00 a month and attorney's fees of $175.00 to plaintiff's attorney, and that the defendant convey to the plaintiff all of his right, title and interest in and to the 3.1-acre tract of land.

Defendant appealed from this order.

*Jack P. Gulley and Lester Owens for plaintiff appellee.*

*Emanuel and Thompson by W. Hugh Thompson for defendant appellant.*

---

Blackwell v. Blackwell

---

CAMPBELL, Judge.

Appellant presents two questions: (1) Did the trial court make sufficient findings of fact, and (2) Did the trial court have the power and authority to order defendant to convey the real estate?

[1] In the light of the consent order of 15 February 1971, which established residence, marital status and unlawful abandonment of the plaintiff by the defendant, we think the order of 18 February 1971 of Judge Preston found sufficient facts to establish the plaintiff as the dependent spouse and the defendant as the supporting spouse and the need of the plaintiff for support and the ability of the defendant to provide support. The findings were supported by the evidence as well as the ability of the defendant to make the payments awarded. The order entered by Judge Preston was in accordance with the holding in *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E. 2d 138 (1971).

[2] With regard to the second question presented by this appeal, we are of the opinion that the trial judge committed error in ordering the defendant to convey to the plaintiff all of his right, title and interest in and to the land in question.

It is to be noted that in the complaint plaintiff did not seek a conveyance of the land in question but only sought that the defendant be required to secure the payment of any alimony "by means of a bond, mortgage or deed of trust."

An estate by the entireties has many peculiarities, and the properties and incidents thereof are summarized in the oft-cited case of *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566 (1924).

As stated in *Highway Commission v. Myers,* 270 N.C. 258, 154 S.E. 2d 87 (1967),

"Although the rents and profits therefrom and the actual possession thereof may be made available for the support of the wife, the court does not have the power to order the sale of land owned by husband and wife as tenants by the entirety in order to procure funds to pay alimony to the wife or to pay her counsel fees. . . . "

This is supported by *Holton v. Holton,* 186 N.C. 355, 119 S.E. 751 (1923) and *Porter v. Bank,* 251 N.C. 573, 111 S.E. 2d 904 (1960).

This cause is remanded to the District Court for the entry of a proper order pertaining to the real estate here involved.

Chief Judge MALLARD and Judge HEDRICK concur.