ALMA D. HINTON v. JAMES W. HINTON

No. 7310DC46

(Filed 28 March 1973)

Divorce and Alimony § 18; Husband and Wife § 15— entirety property —
    wife not entitled to alimony — possession of property rests in husband
        Since, as an incident of an entirety estate, the husband is entitled
    to the full possession, control and use of the estate and to the rents
    and profits arising therefrom during marriage, the wife claiming
    support is not entitled to exclusive possession and use of the property
    unless she is entitled to alimony or alimony *pendente lite;* therefore,
    the trial court erred in finding that plaintiff was not a dependent
    spouse in need of support but that she was in need of and entitled to
    possession of the home owned by the entireties since those findings
    were contradictory and mutually inconsistent.

APPEAL by defendant from *Winborne, District Judge,* 5 June
1972 Session of WAKE County District Court.

Plaintiff-wife filed complaint seeking alimony without di-
vorce, alimony pendente lite, counsel fees, and exclusive pos-
session of the home owned by plaintiff and defendant as tenants
by the entirety.

With respect to her prayer for alimony pendente lite, the
trial court made findings of fact and conclusions of law includ-
ing inter alia:

    "(3) The plaintiff is not substantially dependent upon
the defendant nor is she substantially in need of his support
and maintenance.

(4) The plaintiff is not a dependent spouse.

(5) The plaintiff is in need of and entitled to possession of the homeplace of the parties.

(6) The plaintiff is not entitled to recover attorney fees."

The trial court then refused to grant alimony pendente lite or counsel fees, but ordered the defendant to "vacate the premises immediately, with his personal possessions, and surrender the possession of the premises at 1812 Charles Street, Raleigh, N. C., to the plaintiff."

*R. P. Upchurch for defendant appellant.*

CAMPBELL, Judge.

Defendant contends that the trial court's order granting the plaintiff exclusive possession of the home was improper as such order was not consistent with the findings of fact and conclusions of law in the case. With this contention we agree.

Tenancy by the entirety is an estate in real property where such property is conveyed to husband and wife during coverture. As an incident of that entirety estate the husband is entitled to the full possession, control and use of the estate, and to the rents and profits arising therefrom to the exclusion of the wife during their marriage. *Highway Commission v. Myers*, 270 N.C. 258, 154 S.E. 2d 87 (1967); *Nesbitt v. Fairview Farms, Inc.*, 239 N.C. 481, 80 S.E. 2d 472 (1954).

Under the common law, unless and until there is an absolute divorce the husband's right to exclusive use and possession continues. Absolute divorce of the spouses converts the estate into a tenancy in common. *Lanier v. Dawes*, 255 N.C. 458, 121 S.E. 2d 857 (1961); *Davis v. Bass*, 188 N.C. 200, 124 S.E. 566 (1924); *McKinnon v. Caulk*, 167 N.C. 411, 83 S.E. 559 (1914).

Although the court has no authority to order the sale of land owned by the entirety in order to procure funds to pay alimony, the rents and profits which belong to the husband may be charged with the support of his wife. *Porter v. Bank*, 251 N.C. 573, 111 S.E. 2d 904 (1960); *Holton v. Holton*, 186 N.C. 355, 119 S.E. 751 (1923). Such rents and profits have

the same status as other income and assets owned exclusively by the husband. *In re Estate of Perry,* 256 N.C. 65, 123 S.E. 2d 99 (1961).

However, these rents and profits may not be reached unless the wife is entitled to alimony or alimony pendente lite, and such entitlement is determined by statute. Transfer of title or possession of real property is not an end in itself, but rather is only a means authorized by G.S. 50-16.7 of paying alimony or alimony pendente lite.

Unless the wife claiming support is entitled to alimony or alimony pendente lite she is not entitled to exclusive possession and use of her husband's entirety property. Even G.S. 50-17, which provides for a "writ of possession" states that such writ is available only where the court (1) *grants* alimony (2) by the assignment of real estate.

G.S. 50-16.1, *et seq.* effective 1 October 1967, keys all awards, in the nature of permanent alimony and alimony pendente lite, to a spouse who is a dependent spouse within the meaning of G.S. 50-16.1(3). *Sprinkle v. Sprinkle,* 17 N.C. App. 175, 193 S.E. 2d 468 (1972).

A finding by the trial court that plaintiff is neither presently dependent upon the defendant for her support, nor actually in need of such support—that she is not a dependent spouse— but that nevertheless she is in need of and entitled to possession of the home is contradictory and mutually inconsistent. Under any given circumstances, either the complaining spouse is or is not entitled to alimony. There is no authority for the court to state that she is not dependent, but simultaneously order that she be given some form of support.

Reversed.

Judges MORRIS and PARKER concur.