MARILYN S. KOOB v. WILLIAM M. KOOB, JOSEPH P. SHORE,
ADDITIONAL DEFENDANT

No. 7

(Filed 11 April 1973)

1. **Divorce and Alimony § 21— action for alimony without divorce —
surplus proceeds from sale of entirety property — authority of court**

In an action to obtain alimony without divorce and child custody
and support, the trial court, at the time it entered orders, had
authority with respect to entirety property owned by plaintiff and
defendant only to award plaintiff wife the actual possession thereof
or the rents and profits therefrom, and orders purporting to determine
the respective rights of plaintiff and defendant in the surplus, if any,
which might be available for them upon completion of foreclosure on
the entirety property were invalid because in excess of the court's
authority.

2. **Mortgages and Deeds of Trust § 33— surplus proceeds from sale of
entirety property — payment to superior court clerk**

Trustee, upon completion of foreclosure on entirety property, was
authorized by G.S. 45-21.31(b)(3) to pay the surplus to the clerk of
superior court, and the clerk held the money for safekeeping only,
having no interest therein other than to protect himself from liability
on his official bond.

3. **Husband and Wife § 17; Divorce and Alimony § 21— surplus from
foreclosure on entirety property — distribution — right of defendant to
notice**

Where the surplus from foreclosure on property owned by plain-
tiff and defendant by the entireties was within the legal custody of
the court and the respective rights of the parties depended in large
measure upon whether the fund was to be considered as real property
and subject to the law applicable to an estate by the entirety or as
personal property, defendant was entitled to specific notice of plain-
tiff's claim with respect to the fund before determination of that issue.

4. **Courts § 2; Rules of Civil Procedure § 4; Divorce and Alimony § 21—
alimony without divorce action — distribution of surplus from fore-
closure sale — sufficiency of notice to defendant to confer jurisdiction
on trial court**

In an action for alimony without divorce, child custody and
support, process served on defendant was insufficient to confer juris-
diction on the court to adjudge the respective rights of plaintiff and
defendant in regard to the surplus from foreclosure on their entirety
property where (1) the fund was not in existence when the action
was instituted or when the original complaint or the amendment to
the complaint was filed, (2) institution of the alimony action did
not give defendant notice that plaintiff was seeking a determination of
the parties' rights in a surplus that might result in the event of a
foreclosure by the trustee, and (3) the only notice given defendant
was by newspaper publication insufficient to confer jurisdiction over
the matter; prerequisite to a determination of the parties' rights

in the fund, a notice must be served on defendant setting forth with particularity plaintiff's claim with reference thereto and requiring defendant to appear at a designated time and place to show cause, if any he has, why the relief sought by plaintiff should not be granted.

ON *certiorari,* granted on motion of plaintiff, to review the decision of the Court of Appeals, 16 N.C. App. 326, 192 S.E. 2d 40, which vacated in part orders entered by *Judge Alexander* in GUILFORD County District Court.

This cause was heard in the Court of Appeals on the appeal of Joseph P. Shore, Clerk of the Superior Court of Guilford County, North Carolina, hereafter called the Clerk, from the orders referred to below. It involves directly a fund of $25,853.23 paid to the Clerk on 19 April 1972 by R. D. Douglas, Jr., Trustee, hereafter called Douglas, Trustee. This fund is the surplus, after payment of the secured debt and foreclosure costs, resulting from the foreclosure by Douglas, Trustee, of a deed of trust dated 21 December 1964, executed by Harry J. Hill and wife, Mary H. Hill. This deed of trust had been assumed by William M. Koob and wife, Marilyn S. Koob, on or about 29 January 1969, when they acquired ownership of the property as tenants by the entirety. The foreclosure proceedings consisted of the original sale on 17 January 1972 and subsequent resales. The final resale was completed at the price of $50,200.

The controversy now before us is between plaintiff and the Clerk. The Clerk contends that the $25,853.23 should be considered as having been paid to him by Douglas, Trustee, under G.S. 45-21.31(b)(4), and that the ownership and disposition thereof must be determined in a special proceeding in accordance with G.S. 45-21.32. He contends also that this fund should be considered real property and therefore subject to disposition in accordance with the law applicable to tenancies by the entirety. He asserts no interest in the subject fund. He seeks to protect himself from liability on his official bond if it should be determined, as he contends, that the orders of Judge Alexander referred to below were void in certain respects for lack of jurisdiction.

The facts narrated below are necessary to an understanding of the questions presented by this appeal.

William M. Koob, defendant, and Marilyn S. Koob, plaintiff, were married 31 May 1944. They are the parents of three

children, to wit, Richard M. Koob, born 26 April 1949; Joanna E. Koob, born 25 September 1952; and Martin D. Koob, born 30 June 1957.

Richard M. Koob does not reside with either parent. Joanna E. Koob is a student at Guilford College, Guilford County, North Carolina. Martin D. Koob resides with his mother in California.

Prior to their separation, plaintiff and defendant resided at 3210 West Market Street, Greensboro, North Carolina, this being the property owned by them as tenants by the entirety subject to the deed of trust to Douglas, Trustee.

On 17 August 1971, when this action was commenced, summons issued and plaintiff applied for and obtained an order extending the time for filing complaint. In her application she asserted that the action was for "alimony without divorce" on the ground that "supporting spouse by cruel and barbarous treatment ha[d] endangered the life of the dependent spouse and ha[d] offered such indignities to her person as to render her condition intolerable and her life burdensome."

The summons, application and order were personally served on defendant, William M. Koob, in Guilford County, North Carolina, on 17 August 1971. None of the pleadings, motions, orders, etc., referred to below, were personally served on defendant. No answer or other pleading has been filed by defendant. He has not appeared herein personally or by counsel.

In apt time, plaintiff filed a verified complaint in which she set out in detail incidents which she alleged had occurred throughout the years of the marriage without fault on her part and which constituted such indignities to her person as to render her condition intolerable and life burdensome. These included allegations as to the circumstances which caused her to leave their home in Greensboro for California. Specifically, she alleged that she left because of incidents and threats which caused her to fear death or great bodily harm at the hands of defendant; and that on 14 September 1970, accompanied by her son, Martin D. Koob, she arrived in California where she and Martin have since resided.

On 12 October 1971 plaintiff filed an "amendment" to her complaint. Included therein are allegations that defendant had fled the jurisdiction; that his whereabouts were unknown; and

that plaintiff's efforts to obtain personal service of the complaint on defendant had been futile. Also included therein are allegations that defendant had failed to make the August, September and October payments on the indebtedness secured by a deed of trust on their real property; that plaintiff "ha[d] been obliged to pay approximately $1,400.00 on delinquent taxes and payments previously during the past year"; that defendant had made no payment "for the support of his minor son, Martin, since June, 1971"; that she was "in acute need of financial support for herself and Martin"; that on 24 September 1971 "the greater and more valuable part of the furniture" was removed from the West Market Street residence, and on 4 October 1971, the residence had been broken into and vandalized; that the West Market Street residence was "in serious danger of . . . being damaged or destroyed in its exposed and vulnerable condition"; and that the West Market Street residence was "subject to immediate foreclosure by Home Federal Savings & Loan Association, unless the arrears in payment [were] caught up. . . ."

The "amended complaint" concluded with these additional prayers for relief: (1) That an order be entered attaching and awarding to plaintiff the use and possession of the real property at 3210 West Market Street; (2) that defendant be required to convey his interest in this real estate to plaintiff or to a trustee for plaintiff's benefit; and (3) that "R. D. Douglas, Jr., Trustee, for Home Federal Savings and Loan Association, be made a party to this proceeding, to the end that said Trustee may be ordered, in event of foreclosure of its lien against said real property at 3210 West Market Street, to pay the surplus after satisfaction of its lien, into the hands of the trustee for the plaintiff or to the Clerk of this Court, to be held in trust for the payment of alimony pendente lite, permanent alimony, child support, counsel fees, *and other specific financial obligations of the defendant to the plaintiff herein complained of,* as such payments shall be and become due. . . . " (Our italics.)

Commencing on the 4th day of November 1971, there was published in The Greensboro Times, "successively, for the period of three (3) weeks," a notice addressed to defendant which, after stating the title of the action and designating the court in which it had been commenced, provided:

"TAKE NOTICE that a pleading seeking relief against you has been filed in the above entitled civil action. The nature of

Koob v. Koob

the relief being sought is as follows: Permanent alimony without divorce, child custody and support, alimony pendente lite, and counsel fees: attachment of real property at 3210 West Market Street in Greensboro, and sale thereof to secure payment of support obligations; attachment of proceeds of any foreclosure sale of said real property.

"You are required to make defense to such pleading not later than the 15th day of December, 1971, and upon your failure to do so, the party seeking service against you will apply to the Court for the relief sought."

The cause was heard by Judge Alexander on plaintiff's motion for temporary support and counsel fees. An order entered 4 January 1972 recites the facts with reference to plaintiff's efforts and inability to obtain personal service of the complaint on defendant and states that "plaintiff then served defendant with notice of service of process by publication." Whereupon, Judge Alexander ruled as a matter of law that the court then had personal jurisdiction of the defendant.

Thereafter, based upon findings of fact set forth with particularity, Judge Alexander entered the following order:

"WHEREFORE, it is now ordered:

"1. Plaintiff is hereby awarded custody of Martin Koob, pendente lite.

"2. For support of Martin Koob, pendente lite, the defendant is ordered to pay into the offices of the Clerk of this Court for the use of the plaintiff, the sum of Two Hundred Dollars ($200.00) on the 15th day of January, 1972, and a like sum on the first day of each month thereafter.

"3. For support of the plaintiff, pendente lite, the defendant is ordered to pay into the offices of the Clerk of this Court the sum of Five Hundred Dollars ($500.00) on the 15th day of January, 1972, and a like amount on the first day of each month thereafter.

"4. In addition to the foregoing provisions regarding current support of the plaintiff and the minor child of the parties, defendant shall pay into the offices of the Clerk of this Court, on or before January 17, 1972, the sum of $450.00, representing arrears of child support; *the sum of $1,380.00, representing reimbursement for expenses necessarily incurred by the plaintiff*

Koob v. Koob

*for the preservation of the real property of the parties upon default by defendant in payment of obligations secured by lien thereon; the sum of $1,500.00, representing one-half of the proceeds from sale of bonds owned by the parties jointly, which defendant sold without accounting to the plaintiff for her portion of the proceeds; and the sum of $3,000..00 representing one-half of the value of household furniture and appliances which defendant removed from the parties' home without plaintiff's consent and without accounting to her or compensating her for any part of the value thereof; said payments shall be made in a lump sum, totalling $6,330.00, in lieu of support for the plaintiff, since September 4, 1970.* If said lump sum has not been paid to plaintiff by defendant on or before January 17, 1972, said sum shall constitute a lien on defendant's one-half interest in the net proceeds, if any, of a foreclosure sale of the parties' house, and shall be paid by the Clerk to the plaintiff immediately upon receipt of such net proceeds, subject to the other provisions of this order.

"5. R. D. Douglas, Jr., Trustee, under loan no. 19939 from Home Federal Savings & Loan Association in Greensboro, is hereby made a party to this action, and shall be served with appropriate documents, including a copy of this order. He is hereby ordered to deliver one-half of the net proceeds from any foreclosure sale of the realty of the parties, located at 3210 West Market Street, in Greensboro, North Carolina, to the plaintiff; the other half of the proceeds, if any there be, shall be paid by the said Trustee to the Clerk of this Court, to be disbursed in accordance with the foregoing order, and any balance remaining shall be held by said Clerk as security for the payment of defendant's future support obligations to the plaintiff and his minor child, pending further orders of this Court. Defendant is hereby enjoined from redeeming said property from foreclosure by payment of any less than the entire balance due on the loan, plus expenses, and Home Federal Savings and Loan Association is requested to exercise its legal prerogative of refusing to accept from defendant or any other person less than the full sum of this obligation as redemption from foreclosure, as defendant's default is found to be wilful, and redemption for less would irreparably injure the plaintiff.

"6. On or before January 17, 1972, defendant shall pay the sum of $3500.00 (Three Thousand Five Hundred) into the offices of the Clerk of this Court, to be disbursed to Turner,

Rollins & Rollins, attorneys, as compensation for their services to the plaintiff in this action, pendente lite. In default of such payment by defendant, said fee shall constitute a first lien upon the defendant's portion of the net proceeds of foreclosure sale of the parties' realty aforesaid, to be paid by the Clerk prior to the other disbursements provided for herein." (Our italics.)

On 26 January 1972, Douglas, Trustee, moved that Judge Alexander vacate the portion of her order of 4 January 1972, which directed the disbursement by him of "the surplus remaining following the sale by foreclosure of any real property owned by the parties," and that he be directed "to pay into the Clerk of Court any surplus following any foreclosure sale . . . pursuant to N.C.G.S. 45-21.31(b), said action to release him from further liability for the surplus."

On 10 March 1972, after a hearing, Judge Alexander ordered that Douglas, Trustee, upon his receipt thereof, pay over the surplus from the foreclosure sale to the Clerk; that the Clerk be made a party defendant for the purpose of determining the disposition of the surplus; and that, unless he shows cause why he should not be required to do so, the Clerk disburse the surplus in the manner in which Douglas, Trustee, had been directed to do so in the order of 4 January 1972.

In a "Response" filed 20 March 1972, the Clerk of the superior court asserted that G.S. 45-21.31(b)(4) required that "the surplus remaining after foreclosure in all cases where adverse claims to the funds are asserted" be paid by the trustee to the Clerk and that the ownership and right to the funds so deposited be determined by a proceeding in accordance with G.S. 45-21.32. Accordingly, he moved that Judge Alexander vacate the portion of her order of 10 March 1972 which directed him to disburse the fund, and that he be directed to determine ownership of said fund in accordance with G.S. 45-21.32.

On 13 April 1972, after a hearing, Judge Alexander rejected the Clerk's contention that the ownership and disposition of the fund be determined in accordance with G.S. 45-21.32 and, with a modification not pertinent to this appeal, adjudged that the order of 10 March 1972 remain in full force.

On 14 April 1972, Judge Alexander entered an order which, with a modification not pertinent to this appeal, "reissued" the prior orders of 4 January 1972, and of 10 March 1972, and

provided that the substance of each of these prior orders was incorporated by reference as if fully set forth therein.

The Clerk filed "exceptions to the findings of fact, mixed findings of fact and conclusions of law, conclusions of law, and to the Orders entered . . . on March 10, 1972, and on April 13, 1972, and on April 14, 1972."

The Court of Appeals vacated "[t]he several orders of the trial court as entered to date, insofar as they adjudicate ownership of, or otherwise affect the surplus proceeds from the foreclosure sale, or the duties and obligations of the trustee with respect thereto, or the duties and obligations of the Clerk of Superior Court with respect thereto," and remanded the cause "for such further proceedings as may be appropriate."

*Turner, Rollins & Rollins by Elizabeth O. Rollins for plaintiff appellant.*

*Attorney General Robert Morgan and Assistant Attorney General Mrs. Christine Y. Denson for additional defendant Joseph P. Shore, appellee.*

BOBBITT, Chief Justice.

The summons, and the application and order for extending the time for filing complaint, constitute the only process and pleading served personally on defendant. The only service of the complaint and amendment thereto was made by publication of the notice set forth in our preliminary statement. Assuming this service met all the requirements of G.S. 1A-1, Rule 4(j)(9)c, the court acquired jurisdiction to award the plaintiff whatever relief she was entitled to obtain in an action for "alimony without divorce" under G.S. 50-16.2.

The order of 4 January 1972 discloses that the court made the findings of fact set forth therein after "reading the plaintiff's verified complaint, offered as an affidavit in support of her motion, and hearing witnesses presented in open Court on behalf of the plaintiff. . . . " The record does not contain the testimony of the witnesses or disclose their identity. For present purposes, we assume the sufficiency of the evidence to support the court's findings of fact. Moreover, we accept the findings of fact as sufficient to support the *pendente lite* allowances for plaintiff's support and for the support of Martin. We pass, without discussion, whether those portions of the order

of 4 January 1972 which relate to the alleged appropriation by defendant of certain bonds and the alleged removal by defendant of certain household furniture and appliances without plaintiff's consent are within the purview of an action for "alimony without divorce." On this appeal, we are concerned solely with the portions of the order of 4 January 1972 which relate to the jointly owned real estate then being foreclosed by Douglas, Trustee, and to the portions thereof and of the subsequent orders of 10 March 1972, 13 April 1972 and 14 April 1972 which relate to the disposition of the surplus arising from the foreclosure by Douglas, Trustee, of the jointly owned real property.

On 4 January 1972 the real property at 3210 West Market Street, Greensboro, North Carolina, referred to hereafter as the subject realty, was owned by William M. Koob and wife, Marilyn S. Koob, as tenants by the entirety, subject to the deed of trust executed by the Hills to Douglas, Trustee. Prior to 4 January 1972 Douglas, Trustee, had advertised that a foreclosure sale of the subject realty under the Hill deed of trust would be conducted on 17 January 1972. A resale on 13 March 1972 became final when no upset bid was submitted within ten days and an order of confirmation was entered on 27 March 1972.

The "properties and incidents of an estate by the entirety" *in real property* are summarized by Justice (later Chief Justice) Stacy in the oft-cited case of *Davis v. Bass,* 188 N.C. 200, 124 S.E. 566 (1924).

"[T]he husband is entitled during the coverture to the full possession, control and use of the estate, and to the rents and profits arising therefrom to the exclusion of the wife." *Nesbitt v. Fairview Farms, Inc.,* 239 N.C. 481, 486, 80 S.E. 2d 472, 477 (1954). However, "the rents and profits therefrom, which belong to the husband, may be charged with the support of his wife." *Porter v. Bank,* 251 N.C. 573, 577, 111 S.E. 2d 904, 908 (1960), and cases there cited. In this respect, such rents and profits have the same status as other income and assets owned exclusively by the husband. *In re Estate of Perry,* 256 N.C. 65, 70, 123 S.E. 2d 99, 102 (1961).

Although the rents and profits therefrom and the actual possession thereof may be made available for the support of the wife, the court does not have the power to order the sale of

land owned by husband and wife as tenants by the entirety in order to procure funds to pay alimony to the wife or to pay her counsel fees. *Holton v. Holton,* 186 N.C. 355, 119 S.E. 751 (1923); *Porter v. Bank, supra.*

[1] Under the legal principles stated above, those provisions of the orders of 4 January 1972 and 10 March 1972 which purport to determine the respective rights of plaintiff and defendant in the surplus, if any, which might be available for them upon completion of the foreclosure by Douglas, Trustee, were invalid because in excess of the court's authority. As of 4 January 1972, and as of 10 March 1972, the court's only authority in respect of the subject realty was to award to plaintiff the actual possession thereof or the rents and profits therefrom.

[2] Moreover, in accord with the Court of Appeals, we hold that G.S. 45-21.31(b)(3) authorized Douglas, Trustee, upon completion of the foreclosure, to pay the surplus to the Clerk. The surplus of $25,853.23 was paid by Douglas, Trustee, to the Clerk on or prior to 19 April 1972. We hold that this fund was received and is held by the Clerk as having been paid to him under G.S. 45-21.31(b)(3). With reference thereto, "The clerk is liable on his official bond for the safekeeping of money so received until it is paid to the party or parties entitled thereto, or until it is paid out under the order of a court of competent jurisdiction." G.S. 45-21.31(e).

Plaintiff and defendant are the owners of the fund of $25,853.23. The Clerk is simply a stakeholder, having no interest therein other than to protect himself from liability on his official bond.

[3] The Clerk contends that this fund of $25,853.23 represents real property owned by plaintiff and defendant as tenants by the entirety and is subject to the law applicable to an estate by the entirety. He cites *Highway Commission v. Myers,* 270 N.C. 258, 154 S.E. 2d 87 (1967), where, with reference to compensation paid into the clerk's office in a condemnation proceeding, the court said: "Unless otherwise provided by their joint and voluntary agreement, and in the absence of an absolute divorce, we are of the opinion and so decide that such involuntary transfer of title does not destroy or dissolve the estate by the entirety . . . and that the compensation paid by the Commission therefor has the status of real property owned by hus-

band and wife as tenants by the entirety." *Id.* at 262, 154 S.E. 2d at 90. Cf. *Perry v. Jolly,* 259 N.C. 305, 130 S.E. 2d 654 (1963). If real property, the authority of the court would extend no further than to provide for the investment of the fund and the application of the income therefrom to the payment of an alimony award.

Plaintiff contends, and Judge Alexander ruled, that the $25,853.23 is personal property, owned in equal shares by plaintiff and defendant; that plaintiff is entitled to one-half as owner; and that defendant's one-half is subject to impoundment and payment of alimony until exhausted. Plaintiff relies largely on *Porter v. Bank, supra,* which involved conflicting rights in a fund of $9,382.34 deposited by Frank Banzet, Trustee, with the Clerk of the Superior Court of Warren County, under G.S. 45-21.31. In *Porter,* the plaintiff-wife had obtained an award of alimony *pendente lite* and counsel fees prior to completion of the foreclosure by Frank Banzet, Trustee. It was held that a creditor of defendant-husband who had levied on the husband's interest in the surplus had priority over the wife's claim under the order providing for the payment of alimony to her. The plaintiff-wife, the judgment creditor of the defendant-husband and the court proceeded on the assumption that the $9,382.34 was personalty rather than realty. It being to the interest of the plaintiff-wife and of the judgment creditor of the defendant-husband that the fund be regarded as personalty, no question was raised or argument presented with reference to whether it was personalty or realty.

Without appraising the legal significance thereof, we note this factual difference between *Porter v. Bank, supra,* and the present case: *In Porter v. Bank,* the surplus fund of $9,382.34 was the result of the foreclosure by Frank Banzet, Trustee, of a deed of trust which had been executed by the defendant-husband and the plaintiff-wife. In the present case, the surplus fund of $25,853.23 resulted from the foreclosure by Douglas, Trustee, of a deed of trust which had been executed by Harry J. Hill and wife, Mary H. Hill, prior owners of the subject realty, and not by William M. Koob and wife, Marilyn S. Koob.

North Carolina does not recognize an estate by the entirety *in personal property. Wilson v. Ervin,* 227 N.C. 396, 399, 42 S.E. 2d 468, 470 (1947), and cases cited therein. Also, see cases cited in Anno. 64 A.L.R. 2d 8, 28.

"An absolute divorce . . . converts an estate by the entirety into a tenancy in common." *Davis v. Bass, supra* at 207, 124 S.E. at 570; *Smith v. Smith*, 249 N.C. 669, 107 S.E. 2d 530 (1959) ; *Lanier v. Dawes*, 255 N.C. 458, 121 S.E. 2d 857 (1961). Also, see *Carter v. Insurance Co.*, 242 N.C. 578, 89 S.E. 2d 122 (1955).

An estate by the entirety can be destroyed and dissolved by the voluntary joint acts of the husband and wife. *Wilson v. Ervin, supra.* Hence, where husband and wife sell and convey real property owned by them as tenants by the entirety, the proceeds of sale, including a balance purchase-money note and security therefor, are considered personal property, and the husband and wife are tenants in common in respect of the ownership thereof. *Shores v. Rabon*, 251 N.C. 790, 793, 112 S.E. 2d 556, 559 (1960), and cases there cited. Decisions in other jurisdictions relating to the effect of such sales are cited in Anno. 64 A.L.R. 2d 8, 47 *et seq.*

A critical question is whether the foreclosure by Douglas, Trustee, is to be considered as having effected the destruction and dissolution of the estate by the entirety by the voluntary joint acts of husband and wife. Defendant is entitled to specific notice of plaintiff's claim with reference thereto before this question is decided.

The purpose of attachment is to bring the property of a defendant within the legal custody of the court. G.S. 1-440.1. The fund of $25,853.23 is now within the legal custody of the court and is subject to the court's orders in respect of its ownership and disposition. As far as the record discloses, no person other than plaintiff and defendant has or claims any interest therein. The respective rights of plaintiff and defendant depend in large measure upon whether the fund is to be considered as real property and subject to the law applicable to an estate by the entirety or as personal property. The Clerk's only concern is that the adjudication of this question be made by a court of competent jurisdiction.

[4]  In our opinion, the process served on defendant was insufficient to confer jurisdiction on the court to adjudge the respective rights of plaintiff and defendant in the $25,853.23 fund. This fund was not in existence when the action was instituted or when the original complaint was filed. Nor was it in existence when the amendment to complaint was filed. More-

over, the fact that an action for "alimony without divorce" had been instituted did not constitute notice that plaintiff was seeking a determination of the respective rights of plaintiff and defendant in a surplus that might result in the event of a foreclosure by Douglas, Trustee. Nor do we consider that the publication in November 1971 of the notice quoted in our preliminary statement was sufficient notice to confer jurisdiction for such determination. We note that this notice to defendant was published prior to the first advertisement by Douglas, Trustee, of a foreclosure sale.

Prerequisite to a determination of the respective rights of plaintiff and defendant in the fund of $25,853.23, a notice must be served on defendant setting forth with particularity plaintiff's claim with reference thereto and requiring defendant to appear at a designated time and place to show cause, if any he has, why the relief sought by plaintiff should not be granted. When service by publication is permissible, the procedure therefor is prescribed in Rule 4(j)(9)c. We note that Rule 4(k) provides: "In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for the exercise of jurisdiction in rem or quasi in rem as provided in G.S. 1-75.8, the manner of service of process shall be as follows: (1) Defendant known.—If the defendant is known, he may be served in the appropriate manner prescribed for service of process in section (j)." G.S. 1-75.8 in part provides: "A court of this State having jurisdiction of the subject matter may exercise jurisdiction in rem or quasi in rem on the grounds stated in this section. A judgment in rem or quasi in rem may affect the interests of a defendant in a status, property or thing acted upon only if process has been served upon the defendant pursuant to Rule 4(k) of the Rules of Civil Procedure. Jurisdiction in rem or quasi in rem may be invoked in any of the following cases: (1) When the subject of the action is real or personal property in this State and the defendant has or claims any lien or interest therein, or the relief demanded consists wholly or partially in excluding the defendant from any interest or lien therein. . . . (5) In any other action in which in rem or quasi in rem jurisdiction may be constitutionally exercised." Obviously, jurisdiction in rem may be constitutionally exercised in respect of property which is in the legal custody of the court.

The Clerk does not except to the awards made to plaintiff as alimony *pendente lite* or otherwise. Nor does he challenge

the award made *pendente lite* for the benefit of Martin. However, we note that only *pendente lite* allowances have been awarded. The factors for consideration in making *pendente lite* allowances are discussed in *Rickert v. Rickert,* 282 N.C. 373, 193 S.E. 2d 79 (1972).

There has been no trial in respect of the allegations upon which plaintiff bases her claim for alimony. In *Hicks v. Hicks,* 275 N.C. 370, 375, 167 S.E. 2d 761, 764 (1969), the Court, in an opinion by Justice Branch, said: "This Court has held that suits for alimony without divorce are within the analogy of divorce laws, *Rector v. Rector,* 186 N.C. 618, 120 S.E. 195, and that an action under N. C. General Stat. § 50-16 was a divorce action within the purview of that portion of N. C. Gen. Stat. § 50-10 which controverted all material facts in every divorce action. *Rouse v. Rouse,* 258 N.C. 520, 128 S.E. 2d 865; *Blankenship v. Blankenship,* 256 N.C. 638, 124 S.E. 2d 857; *Schlagel v. Schlagel,* 253 N.C. 787, 117 S.E. 2d 790."

The foregoing leads to this conclusion: The portions of the orders of 4 January 1972, 10 March 1972, 13 April 1972 and 14 April 1972, which purport to adjudge the respective rights of plaintiff and defendant in the fund of $25,853.23, are vacated and stricken therefrom. The cause is remanded to the Court of Appeals for remand to the District Court with direction that it defer adjudication of the respective rights of plaintiff and defendant in the fund of $25,853.23 until explicit notice in respect of plaintiff's claim has been served on defendant as set forth herein. Except as modified herein, the decision of the Court of Appeals is affirmed.

Modified and affirmed.