**In the Matter of Leonard E. REAVES, III.**

**Gayle C. REAVES and Cumberland Bank, Plaintiffs,**

v.

**Robert H. BARTELT, Trustee in Bankruptcy for Leonard C. Reaves, III, Defendant.**

**Bankruptcy No. 79–89–BK–3.**

United States Bankruptcy Court, E. D. North Carolina.

April 21, 1980.

---

Ervin I. Baer, Fayetteville, N. C., for plaintiff Gayle C. Reaves.

Herbert H. Thorp, Fayetteville, N. C., for plaintiff Cumberland Bank.

Robert H. Bartelt pro se.

## MEMORANDUM OPINION

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the Complaint filed by Gayle C. Reaves, wife of the Bankrupt, and the Cumberland Bank, a judgment creditor of the Bankrupt and his wife. The Plaintiffs seek to have the surplus proceeds of a foreclosure sale, now in the hands of the Defendant Trustee, turned over to them. The material and relevant facts are stipulated by the parties. The parties have waived oral hearing and request a judgment to be rendered as a matter of law upon such stipulated facts. Mr. Ervin Baer of Fayetteville, North Carolina, represents the Plaintiff, Gayle C. Reaves and Mr. Herbert H. Thorp represents Plaintiff, Cumberland Bank. Mr. Robert H. Bartelt represents himself.

### Findings of Facts

In September, 1973, the Bankrupt and his wife, Gayle Clark Reaves, became indebted to the Cape Fear Bank and Trust Company as evidenced by a note in the original amount of Twenty One Thousand ($21,000.00) Dollars, secured by a deed of trust conveying a security interest in Lot 103 of Section Seven of the property of the Figure Eight Island Company, Map Book 13, Page 18, of the New Hanover County Registry. The deed of trust was duly recorded in the New Hanover County Registry in Book 985, Page 783. More than four months prior to the filing of the Petition in Bankruptcy, the Bankrupt and his wife borrowed money from the Cumberland Bank, evidencing such debt by a joint unsecured note. Prior to the filing of the Petition in Bankruptcy, the Bankrupt and his wife defaulted in payments on both of these indebtednesses.

On December 1, 1978, a judgment was obtained by the Plaintiff, Cumberland Bank, against the Bankrupt and his wife, which judgment was docketed in the Office of the Clerk of Superior Court of New Hanover County. The judgment was in the principal amount of Ten Thousand Five Hundred Ninety-Three and 18/100 ($10,593.18) Dollars, together with costs and interest. There is now due and owing against the judgment the sum of Twelve Thousand Six Hundred Fifty-Six and 76/100 ($12,656.76) Dollars.

Prior to receiving notification that the Bankrupt had filed his Petition in Bankruptcy, the Cape Fear Bank and Trust Company initiated a foreclosure proceeding resulting in a foreclosure sale of the above mentioned property in the amount of Thirty Thousand Seven Hundred ($30,700.00) Dollars. The sale became final on March 2, 1979. After payment of the foreclosing secured creditor and costs of sale, there remained a surplus of Twelve Thousand Five Hundred Ninety-Four and 04/100 ($12,594.04) Dollars, which was deposited with the Clerk of Court for New Hanover County. On the grounds that the estate of the Bankrupt was entitled to at least a portion of the aforesaid sum, the Defendant Trustee obtained a Turn-Over Order directing the Clerk of the Superior Court of New Hanover County to turn over the surplus to

the Trustee. This was accomplished on June 11, 1979. On June 13, 1979, the Plaintiffs initiated this action to recover the surplus from the Trustee.

### Issues

The issue in this case is whether the Trustee in Bankruptcy has a right to the surplus proceeds as property of the Bankrupt's estate?

### Consideration of Issues

■ Real property owned as tenants by the entirety will not pass to the Trustee in Bankruptcy if only one spouse is before the bankruptcy court. *4A Collier on Bankruptcy*, para. 70.17 (14th ed.). If, however, both husband and wife have filed bankruptcy and the cases are consolidated by the court, any real property owned by the entirety will pass to the trustee. *Phillips v. Krakower*, 46 F.2d 764 (4th Cir. 1931); *In Matter of Utz*, 7 F.Supp. 612 (D.C.Md.1934); *4A Collier on Bankruptcy*, para. 17.17 (14th ed.) The property which constitutes the estate of a debtor in bankruptcy is a matter of state law. *Cullom et al. v. Kearns*, 8 F.2d 437 (4th Cir. 1925).

There are at least two North Carolina decisions pertinent to this issue. In *Cullom et al. v. Kearns* supra; the Fourth Circuit held that where the husband filed bankruptcy and the wife did not, any property owned by them as tenants by the entirety did not pass to the trustee as a part of the bankrupt's estate. In *North Carolina State Highway Commission v. Myers*, 270 N.C. 258, 154 S.E.2d 87 (1967) the North Carolina Supreme Court laid down the following rule of law:

"Unless otherwise provided by their joint and voluntary agreement and in the absence of an absolute divorce, we are of (the) opinion and so decide that such involuntary transfer of title does not destroy or dissolve the estate by the entirety in the respect of the appropriated portion of the Myers' land, and that the compensation paid by the Commission therefor has the status of real property owned by husband and wife as tenants by the entirety."

A subsequent decision reaching the same conclusion emphasized the voluntariness of the transfer. *Forsyth County v. Plemmons*, 2 N.C.App. 373, 163 S.E.2d 97 (1968).

The Trustee maintains that this principle does not extend to foreclosure sales and cites case law in support of his position. In *Porter v. Bank*, 251 N.C. 573, 111 S.E.2d 904 (1959), the court held that the proceeds of a foreclosure of entireties' property was subject to attachment by the creditors of the husband. The *Porter* decision, however, is of no help because the court there was not faced with the issue of the nature of the proceeds from the foreclosure. The Trustee also supports his position with *Koob v. Koob*, 283 N.C. 129, 195 S.E.2d 552 (1973), but again, as in *Porter* the court did not address the nature of these funds. There appears to be no North Carolina decisions on whether a foreclosure sale is a voluntary or involuntary conversion of real property.

### Conclusions of Fact and Law

■ The facts in this case do not indicate that the foreclosure was the result of any affirmative act on the part of the Bankrupt and his wife or that the Bankrupt acted irresponsibly or attempted to gain any advantage by or through the foreclosure proceeding. Under these circumstances, the Court is of the opinion that the foreclosure was an involuntary transfer. The proceeds from the sale assume the nature of entireties' property and are not subject to the jurisdiction of the Court.

Accordingly, the Court concludes that the Trustee should be directed to pay the surplus proceeds to the Cumberland Bank. An appropriate Order should be so entered.